ALFRED DORLON and PHILETUS DORLON vs. THE CITY OF BROOKLYN.

The granting of a license, by the officers of a municipal corporation, to a plumber to make and connect service pipes for conducting water from the distributing pipes of the city to private houses, and the giving of a special permit, to him, to connect with a city sewer, under the direction of the city inspectors, does not make the plumber an officer or servant of the city when employed by, and working for, private parties.

And for damages occasioned by the negligence of the licensed plumber, in not guarding an excavation made by him in the street, and leaving a pile of earth thereon, while doing the work under such license and permit, the city is not responsible.

A municipal corporation is not liable for the acts of its inhabitants in obstructing its streets, when notice of such obstruction is not shown to have been received by its officers, nor is presumed, from lapse of time.

APPEAL from a judgment at the circuit, dismissing the complaint. The complaint alleged: 1st. That the defendants are, and were at the times thereinafter mentioned, a municipal corporation in the county of Kings, duly incorporated in pursuance of the laws and constitution of the state of New York. 2d. That on or about the 10th day of July, 1861, the plaintiff was riding along a public highway in said city, to wit, along Fleet street, near Fulton avenue in said city, in the night-time, in a wagon, the property of the plaintiffs, drawn by a horse, attached by a harness to said wagon, also the property of the plaintiffs. That said wagon was of the value of $200, and said horse was of the value of $800, and said harness was of the value of $70. That said public highway, to wit, said Fleet street, was then and there in charge of said city as a public highway. 3d. That prior to said 10th day of July, 1861, the defendants caused and permitted a large, deep and dangerous excavation to be dug in said Fleet street, and carelessly and negligently left a large pile and quantity of earth and dirt near thereto, thrown up from said hole and excavation in an open, exposed and dangerous manner, without any guard or light, on said 10th of July, so that the said horse and wagon,

while being driven along said street in the night-time as aforesaid, on said 10th day of July, were precipitated upon said pile of dirt and earth near said hole and excavation with great violence, and by reason of the careless and negligent manner in which said pile of earth was then and there left by said defendants as aforesaid in said street, and without any fault of the plaintiffs, or either of them, the said wagon was then and there overturned, and greatly injured and broken, and said horse was then and thereby greatly bruised, lamed and injured, and said harness was then and there greatly broken and injured, and said plaintiffs were thereby put to great expense in keeping said horse after he was disabled as aforesaid, and in disposing of said horse, wagon and harness, to the great damage of the plaintiffs, to the amount of $986. Wherefore the plaintiffs demanded judgment for said sum of $986, with interest and costs.

The answer was a general denial.

On the trial, it was proved that the plaintiff P. Dorlon, while riding through Fleet street, a public street in the city of Brooklyn, driving in a wagon, on a walk, or slow trot, on the night of the 10th of July, 1861, was thrown from his wagon, the wagon overturned and broken, and the horse and harness injured, by running upon a pile of earth, in the street. The earth was left in the street by one Reed, a plumber, who was doing work for some private parties. He had the usual license from the board of water commissioners of the city, "to make and connect service pipes, for conducting water to houses and tenements, with the distributing pipes in this city, after said pipes have been tapped;" the licentiate to comply with all regulations of the board "regarding the introduction and use of water," and a permit in the usual form to make connection with the city sewer at the place in question, according to the regulations of the board "respecting sewers." "The work to be done under the direction of the engineer and inspector of sewers;" a bond being given that the plumber "shall indemnify and save harmless

the city of Brooklyn, and the commissioners, of and from all accidents and damages" consequent upon the doing of the work, opening the street, and for not complying with the rules and regulations of the commissioners.

The plaintiffs having rested, the defendants moved for a dismissal of the complaint, on the ground that the negligence, if any, was the negligence of the plumber, for which they were not responsible, and because it had not been shown that any notice had been given to them that the street was obstructed, or that sufficient time had expired for the defendants to acquire knowledge of such obstruction.

The motion was granted, and the plaintiffs moved for a new trial, which was denied; whereupon they appealed to the general term.

*John Winslow,* for the appellants.

*John G. Schumaker,* (corporation counsel) for the respondents. I. 1. The defendants are not liable for the injuries which the plaintiffs sustained. The negligence, if any, was that of the plumber, Reed, who was employed by a third party, the owner or occupant of a house in Fleet street. Reed was no servant or employee of the defendants. The defendants, in licensing the plumber, did not make him their servant. (1 *Eng. L. and Eq. R.* 478–480. 8 *id.* 479. *Blake* v. *Ferris,* 5 *N. Y. Rep.* 48. *Pack* v. *The Mayor, &c.* 4 *Seld.* 122.) 2. If the cause of the accident was the manner in which the work was carried on by the laborers, then their immediate employer, and he only, was liable for the injury. (*See Storrs* v. *City of Utica,* 17 *N. Y. Rep.* 108; *Kelly* v. *Mayor, &c. of New York,* 1 *Kern.* 432; *Pack* v. *Mayor, &c.* 4 *Seld.* 222; *Blake* v. *Ferris,* 5 *N. Y. Rep.* 48; *Overton* v. *Freeman,* 8 *Eng. L. and Eq. Rep.* 479.) In this case, the dirt was thrown up so high that the carriage and horse, in passing over it, were turned over. 3. To decide that the defendants are liable, would be equivalent to deciding that

the plumber, whose laborers and servants piled up the dirt which caused the injury, was not liable. He is undoubtedly liable, and there can not be two responsible superiors for the same transaction. (*Reedie* v. *Northwestern R. R. Co.*, *published in the monthly Law Rep. new series*, 1850. *Rapson* v. *Cubitt*, 9 *M. & W.* 709. *Quarman* v. *Burnett*, 6 *id.* 497.)

II. The Court of Appeals have held that though a municipal corporation is liable for injuries resulting from not keeping its streets in repair, yet it is not responsible for the acts of its inhabitants who create a nuisance by throwing obstructions upon the streets. (*Griffin* v. *The Mayor, &c. of New York*, 9 *N. Y. Rep.* 456.) In any event, the city would not be liable simply from the fact that a defect in the highway existed. The foundation of the action is negligence on the part of the city authorities; therefore some neglect of duty must be proved. In this case it is not shown that notice of the obstruction complained of had been brought to the authorities, or that notice could be presumed from the length of time that the nuisance had existed. It is not shown to have existed a day, or even an hour, before the accident. (*McGinity* v. *Mayor, &c. of New York*, 5 *Duer*, 674. *Hart* v. *City of Brooklyn*, 36 *Barb.* 226.)

*By the Court*, SCRUGHAM, J. The excavation was made and the earth placed on the street in the course of work performed by the plumber, Reed, under a private contract with the owner of a house on Fleet street, to connect the waste pipes of the house with the public sewer. It was not a city improvement, or work performed for or under the employment of the defendant. The license issued to Reed by the water commissioners did not make him a public officer of the city, nor did the permission to connect the waste pipe, from the house, with the public sewer, establish any such relation, between him and the defendant, as would render it responsible for injuries resulting from his negligence.

The sewers are the property of the defendant, and the

water commissioners have charge of them, as its officers. Great injury would result to them from unskillful workmanship in connecting them with pipes from private houses; and it is to guard against this, by inspection, and to make sure that no such work shall be done except by those skilled in its performance, that the rule of the water commissioners forbids its being done by persons not licensed by them to perform it, nor by those persons, except upon special permission.

By reference to these rules it will be found that every plumber applying for license must furnish the board with a satisfactory certificate, signed by at least two licensed plumbers of Brooklyn, that the applicant is known to them as a person regularly educated to the business, and in every way qualified to receive a license. Upon this, and upon furnishing the requisite bond, the plumber receives his license, which is nothing more than a certificate that the commissioners, approving of his competency, are willing that, under their regulations, he do the work therein specified. This is not the work of the city, but of private individuals — the owners or occupants of houses and tenements. It is done for their benefit, and at their expense. The license can in no sense be considered an employment by the city, of the plumber receiving it. In this case the acts of the plumber, in digging the excavation and placing the earth in the street, were lawful, as he had obtained permission to make the connections; but as these were obstructions in the street which necessarily rendered it unsafe for night travel, it was his duty, or that of his employer, to take such precautions as would avert the danger. This might have been done, by sufficient guards or lights, and the omission to adopt such sufficient precautions was the negligence which was the immediate cause of the accident.

The water commissioners knew that the work was in progress, but there is no evidence that they, or any other officers of the city, knew, or had notice, that those whose work it was had been guilty of this negligence, and they were not

O'Hara *v.* Dever.

bound to presume it. They exercised no control over the work, except such as is necessary for the protection of the sewers, and the declaration in their certificate of permission, that the work is to be done under the direction of the engineer and inspector of sewers, has reference only to this. The inspection for which their rules provide, is only of the plumbing work and material.

I see no reason why the judgment dismissing the complaint should be disturbed. The judgment and order denying a new trial should be affirmed with costs.

[KINGS GENERAL TERM, February 12, 1866. *Scrugham, Lott,* and *J. F. Barnard,* Justices.]