## Ray, Administrator, et al. *v.* Dunn.

Judgment.—*Practice.*—*Error in Calculation.*—A judgment will not be reversed for a slight error in calculation of the amount thereof.

Evidence.—A judgment will be reversed where the evidence, uncontradicted, is, on one material point, against the finding.

APPEAL from the Cass Circuit Court.

Buskirk, J.—Joseph H. Dunn, as assignee of Truitt Brothers & Co., commenced this action against the administrator and heirs of Henry Ludders, deceased, to obtain the foreclosure of a mortgage executed by the decedent on certain real estate to the firm of Truitt Brothers & Co.

A demurrer was overruled to the complaint, and the defendants excepted.

The defendants answered in three paragraphs. A demur-

Ray, Adm'r, *et al. v.* Dunn.

rer was sustained to the second, and overruled as to the third paragraph, and proper exceptions were taken. There was a reply to the third paragraph of the answer. The cause was tried by the court, and a finding was rendered in favor of the plaintiff for two hundred and twenty-five dollars and forty-three cents.

A motion for a new trial was overruled and excepted to, and judgment was rendered on the finding.

The only error relied upon to reverse the case is that the court erred in overruling the motion for a new trial. It is claimed that the court erred for two reasons; first, that aside from the defence set up in the third paragraph of the answer, the judgment was rendered for eight dollars and twelve cents too much. We would not reverse the case and order a new trial for so small a mistake in calculation. We have not gone through the calculation to ascertain whether there was a mistake of the character complained of or not. In the next place, it is maintained that the court erred in refusing to allow the defendants credit for one hundred and fifty dollars for the damages sustained by reason of the matters set up in the third paragraph of the answer. It was alleged in that paragraph that the notes mentioned in the mortgage and complaint were executed by the said decedent to the said firm of Truitt Brothers & Co. for and in consideration of a tract of land by him purchased of them; that when he made said purchase, the said tract of land was staked and marked out by the said Truitt Brothers & Co. from a larger tract of land belonging to the said firm; that subsequent to the sale of the said land to the decedent, the said firm platted and surveyed the remainder of their land, situated near to the said lot purchased by the said decedent, and in so platting and surveying, it became necessary to make streets and alleys through and over the part so purchased; that after the said decedent purchased the said lot of ground, and before the said streets and alleys were established, he built and erected on the part so purchased by him a home; that one of the streets so platted and marked off ran directly

Ray, Adm'r, *et al. v.* Dunn.

over the place where the said house was built; that at the request of the said Truitt Brothers & Co., he removed his said house and permitted the said street to run through and over the said tract of land so purchased; that one-half acre of the said land so purchased by the said decedent was appropriated by the said firm in the construction of the street, which was worth five hundred dollars, and the cost of removing his said house was three hundred dollars.

The material averments in the answer were proved upon the trial. It was also shown that William L. Brown was the agent of the said firm of Truitt Brothers & Co., and that he agreed with the decedent that if he would remove his said house, and permit the said street to run over his said land, he should have a credit upon his said notes, so given for said purchase for said tract, for such sum as was reasonble and just. It was clearly established by the evidence that the said decedent was damaged in the sum of one hundred and fifty dollars. There was no conflict in the evidence on this point. It was all one way. Nor was there any objection to the admission of the evidence to show the agency of Brown, or any attempt to prove that he was not such agent, or that a credit had been given for such damages. We decide the case upon the facts in the record.

We are of the opinion that, under the said answer, and the evidence given on the trial, the defendants were entitled to a credit for the sum of one hundred and fifty dollars, and that, consequently, the court erred in overruling the motion for a new trial.

The judgment is reversed, with costs, with directions to the court below to grant a new trial, and for further proceedings in accordance with this opinion.*

*H. C. Thornton* and *D. B. McConnell*, for appellants.

*S. T. McConnell* and *M. Winfield*, for appellee.

*Petition for a rehearing overruled.