JAMES McDERMOTT, AS ADMINISTRATOR, ETC., OF BERNARD McDERMOTT, DECEASED, RESPONDENT, *v.* CITY OF KINGSTON, APPELLANT.

*City — liability of, for the negligence of a gas company in negligently excavating a ditch in the street.*

The action was brought to recover for injuries sustained by the plaintiff's in es ate, by his falling into an excavation in one of the streets, in the city of Kingston, alleged to have been negligently left unguarded. The excavation was made by a gas company, under one of the city ordinances, passed in pursuance of a provision of the charter authorizing it to regulate and superintend the laying of all gas pipes. The ordinance required the company to keep proper lights burning, but reserved no right of supervision to the city officers, and no supervision was, in fact, exercised by them.

*Held,* that to render the city liable for the injuries, it must appear, not only that the accident resulted from the negligent manner in which the excavation was made and left, but also that the city had notice, actual or constructive, thereof.

The fact that an alderman of the city saw the excavations being made is not *per se* evidence that the city was guilty of negligence.

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury. and from an order denying a motion for a

new trial, made upon the minutes of the justice before whom the action was tried.

The action was brought to recover damages sustained by the plaintiff's intestate in falling, in the night, into a ditch, excavated in one of the streets of the city of Kingston, by a gas company, which had been negligently left unguarded.

Subdivision 23 of section 33 of the charter of the city of Kingston (chap. 150 of 1872), provides that "the said common council shall have full power * * * to regulate and superintend the laying of all gas pipes in said city, and to require any corporation or company, after laying or repairing such pipes in any street or highway in said city, to put such street or highway in good condition or repair, and to remove all incumbrances or obstructions which such corporation or company may have placed, or caused to be placed, in any such street or highway without any unnecessary delay, and to require such corporation or company to keep proper signal lights burning at night at all holes or ditches or other places which may have been rendered dangerous to persons traveling such streets or highways; and in case such corporation or company shall neglect or refuse to do any of the acts so required of it, the said common council shall have power to cause the same to be done at the cost and expense of such corporation or company, and to collect such cost and expense by suit at law, or as hereinafter provided."

In pursuance of this section an ordinance was passed providing that "§ 2. Any corporation or company laying, or preparing to lay, any gas or water pipe or pipes in any street or highway in said city, shall, during all the time while doing so, and until full compliance with the first section of this ordinance, keep proper signal lights burning at night at all holes or ditches or other obstructions which such corporation or company may thus have made, dug or placed in, on or across any or either of the streets or highways of said city, and at all other places which such corporation or company may thus have rendered dangerous to persons traveling such streets or highways."

*Charles M. Preston* and *Howard Chipp, Jr.*, for the appellant.

*John. J. Linson*, for the respondent.

BOARDMAN, J.:

For any obstructions or defects created by the city for its own purposes, in its streets or its sidewalks, whereby persons are injured, the city will be liable, if the injury be due to the negligence of the city officials or employes. The same result follows if the work on the streets or sidewalks be done by others, by the consent *and under the supervision of the city* authorities. (*Wendell* v. *City of Troy*, 4 Abb. Ct. App. Cas., 563.) If a trespasser obstructs the ways of a city, whereby an injury occurs to an individual, the city will not be liable, except after notice, actual or constructive, and neglect to put the street in good condition after such notice. (*Hume* v. *Mayor, etc., of N. Y.*, 47 N. Y., 639; *S. C.*, 57 How., 359, in Court of Appeals, second time ; *Gorham* v. *Village of Cooperstown*, 59 N. Y., 660.) But, if the work is done by the consent only of the city, and not under its immediate supervision, the city will not be liable for the negligence of those doing the work, but only for its own negligence in not correcting the evil after notice, actual or constructive. (*Masterton* v. *Village of Mt. Vernon*, 58 N. Y., 391; *Dorlon* v. *City of Brooklyn*, 46 Barb., 604).

The last principle stated applies to the present case. The excavation was made by the gas company for its own private purposes. Its license, authority or consent for so doing was derived from a city ordinance regulating the laying of gas and water pipes. By virtue of this ordinance, the act of the gas company was lawful, so far as excavating the ditch. In the absence of such authority, the gas company would have been a wrong-doer. The ordinance provides for no supervision by city officers, and none in this case was had. "Under these circumstances, it is held," says the learned judge in his charge, "that if the excavation was left in an unsafe condition, and the plaintiff, while traveling upon the sidewalk and using due and ordinary care, was injured solely by reason of the unsafe condition thereof, the defendant is responsible to him for the injuries sustained thereby." An exception being taken thereto, its correctness is now presented for review.

We think this charge cannot be sustained upon authority. It would make the defendant an insurer against injuries of this character. The city did not make this excavation. It was not made at its instance or request. It did not supervise, direct or control

the act done. It had no notice of any defect. The element of negligence, on the part of defendant, is wholly ignored. The fact that one of the aldermen saw excavations being made is not *per se* evidence that the defendant was guilty of neglect. It might have been a circumstance to have been submitted, with other evidence, for the consideration of the jury. The judge, however, says, in substance, the gas company had the right to dig this ditch, an alderman saw its employes digging in that vicinity, though he did not see the dangerous and careless way in which the work was left at night; therefore, the defendant is liable, if the employes of the gas company were negligent, and plaintiff's intestate was free from negligence, for the damages caused thereby. This goes too far in imposing liabilities upon municipal corporations. The defendant did not consent to the leaving of an open or unsafe ditch across the sidewalk. The consent given was upon condition of thorough and adequate protection of the public against danger or injury. It was the wrongful act of the gas company and its employes in leaving the ditch at night in an unsafe and dangerous condition. To that extent the gas company was the wrong doer. The city could only be made liable for its own neglect to repair or protect, after notice of the danger. (*Hume* v. *Mayor, etc., of N. Y.*, 57 How. [Ct. of App.], 359.) The error consisted in making the city liable for the wrongful act of the gas company in leaving this ditch in a dangerous condition without notice to the city of its defects. Until such notice had been brought home to the defendant it was not guilty of any negligence. Without negligence it cannot be held liable for the acts or misconduct of others to which it is not a party. (2 Dillon on Corp., § 790.) At the most, it may have been a question for the jury whether, under the facts, there was any evidence of negligence on the part of the defendant. Instead of that the city is made liable under the charge.

The judgment and order should be reversed, and a new trial granted, costs to abide the event.

LEARNED, P. J. and BOCKES, J., concurred.

Judgment and order reversed, new trial granted, costs to abide event.