The City of Warsaw v. Dunlap.

Filed Dec. 20, 1887.

————————◆————————

No. 12,671.

THE CITY OF WARSAW v. DUNLAP.

NEGLIGENCE.—Evidence.—Presumption.—Negligence is never presumed, and a plaintiff who alleges it as a cause of action must establish the breach of duty which constitutes the negligence or a recovery will be denied.

CITY.—Obstruction in Street.—Liability of City.—Negligence.—Notice.—Where an obstruction is placed on a street or sidewalk by a wrong-doer, on account of which a passer-by is injured, the city can not be held liable for such injury unless it has actual notice of the obstruction, or the same has remained on such street or sidewalk such a length of time as to make it the duty of the corporate authorities to take notice of its existence.

SAME.—Where an obstruction, of which the city has no notice, has been placed on a street by a third person, and is permitted to remain an hour and three-quarters, when it occasions an injury to a passer-by, the city is not guilty of negligence, and is not liable.

SAME.—Liability for Acts of Licensees.—Notice.—A city is not liable for the acts of persons it licenses to use its streets, unless the thing authorized is intrinsically dangerous, or the municipal authorities have notice of the negligence of its licensees.

PRACTICE.—Trial Without Issue.—Supreme Court.—Remedy.—Where there is in fact no answer to a complaint, but the cause is tried upon the theory that there is an answer of general denial, the plaintiff can not, on appeal, take advantage of the absence of an answer; his remedy is by appropriate motion in the trial court.

SUPREME COURT.—Reversal for Want of Evidence.—Practice.—Where there is a failure of the evidence to sustain the verdict on any one material point, the judgment will be reversed on appeal.

From the Kosciusko Circuit Court.

*E. Haymond* and *L. W. Royse,* for appellant.

*J. S. Frazer, W. D. Frazer, S. P. Oyler* and *W. A. Johnson,* for appellee.

ELLIOTT, C. J.—The appellee was injured by a fall while walking along one of the streets of the city of Warsaw during the night-time, and his claim is that his fall was caused by a plank projecting across the sidewalk from the walls of a building in course of erection.

The evidence shows that the accident occurred after dark on the night of the 19th of November, 1883, and that the plank was across the sidewalk on that night. It is shown that work on the building was discontinued on the 10th of November, 1883, and resumed on the 19th day of that month. It is also shown by all the witnesses who testify on that subject, that a platform, or runway, was placed across the sidewalk on that day for the purpose of conveying bricks to the walls of the building, but all who testify on that subject assert that the planks were all removed from the sidewalk on quitting work late in the evening. There is no conflict of evidence upon this point that we can discover after a careful examination of the record.

There is a distinction between a work undertaken by the municipal corporation itself and work undertaken by another, as there is between work dangerous in itself and work not necessarily dangerous. In this instance the work was not undertaken by the corporation, nor was it dangerous in itself. It is proper and lawful for a municipal corporation to permit its streets to be temporarily used for building purposes, and, in permitting the use of its streets for building purposes, the city of Warsaw was not guilty of any actionable wrong. It could only be guilty of a wrong by omitting to use reasonable care and diligence to keep its streets free from obstructions. A municipal corporation is not an insurer of the safety of its streets, although it is bound to

exercise reasonable care and diligence to keep them in a rea-
sonably safe condition for use.   2 Dillon Munic. Corp., sec-
tion 1019.   We think the evidence in this case fails to show
that the city was guilty of any actionable negligence.   The
evidence, as we have seen, shows that the plank was removed
from the sidewalk before nightfall, and the only fair inference
is that it was placed across the sidewalk by some wrong-doer,
and in such a case the city would not be liable.   *Doherty* v.
*Waltham*, 4 Gray, 596; Shearman & R. Neg., section 360.

But, if this be conceded not to be the just inference, still,
the city can not be held liable, because there is no evidence
of actual notice, and the time elapsing between the hour that
the workmen removed the planks and that at which the ac-
cident happened was not sufficient to charge the city with
notice.   Where the obstruction which causes the injury is
not placed in the street by the city itself, there must be actual
notice, or the obstruction must have remained in the street
such a length of time as to make it the duty of the corporate
authorities to take notice of its existence.   *City of Lafayette*
v. *Blood*, 40 Ind. 62; *City of Evansville* v. *Wilter*, 86 Ind.
414; *Corporation of Bluffton* v. *Mathews*, 92 Ind. 213; *City
of Madison* v. *Baker*, 103 Ind. 41; 2 Dillon Munic. Corp.
(3d ed.), section 1025.

In the case before us there is really no evidence at all as
to how long the plank had been across the sidewalk before
the appellee fell over it; for aught that appears it may have
been there for only a few minutes, and, certainly, the city
could not be charged with notice under such circumstances.
But, if it be granted that it was placed there immediately
after the workmen left the building on the 19th of November,
still, the time was not sufficient to charge the city with notice.
*City of Fort Wayne* v. *DeWitt*, 47 Ind. 391; *Higert* v. *City
of Greencastle*, 43 Ind. 574.

In *Kunz* v. *City of Troy*, 104 N. Y. 344, it was said:
" Where the question of negligence, in not removing an ob-
struction unlawfully placed in the street by third persons, de-

pends upon implied notice, what is a reasonable time from which notice is to be inferred, must be determined upon all the circumstances, giving weight to the consideration that municipal authorities with their multiplied duties can not be expected to act with the promptness and celerity of individuals in conducting their private affairs."

We think this is a just observation, and, applying it to the case before us, we hold that the time which elapsed between the accident and the placing of the obstruction across the sidewalk was not sufficient to authorize the jury to imply notice on the part of the municipal authorities.

The appellant filed an answer to the original complaint, but did not refile it to the amended complaint afterwards filed by the appellee. The case was, however, tried upon the theory that there was an answer of general denial, and the court so instructed the jury. It is, therefore, too late for the appellee to insist that there was no answer to his complaint. If he desired to make such a question he should have moved in the trial court for judgment on the pleadings, or in some other appropriate method have presented the question to the trial court. *Buchanan* v. *Berkshire, etc., Ins. Co.*, 96 Ind. 510, and cases cited p. 516; *Trentman* v. *Eldridge*, 98 Ind. 525; *Hartlep* v. *Cole*, 101 Ind. 458.

Judgment reversed.

Filed April 27, 1887.

## On Petition for a Rehearing.

Elliott, J.—We have given the argument of the learned counsel on the petition for a rehearing careful study, and, impressed by their earnestness, have again examined the questions presented by the record.

Negligence is never presumed, and a plaintiff who alleges it as a cause of action must establish the breach of duty which constitutes the negligence or a recovery will be denied. *Wabash, etc., R. W. Co.* v. *Locke, ante*, p. 404; *Toledo, etc., R. W. Co.* v. *Brannagan*, 75 Ind. 490.

If the evidence in this case does not establish a breach of duty, the verdict is not supported, and but one conclusion is logically possible, and that is that the judgment be reversed. Again and again have judgments been reversed because the evidence did not sustain the verdict. *Cincinnati, etc., R. W. Co.* v. *Long, ante*, p. 166; *Crossley* v. *O'Brien*, 24 Ind. 325 (87 Am. Dec. 329); *Pittsburgh, etc., R. W. Co.* v. *Morton*, 61 Ind. 539, 581 (28 Am. R. 682); *Riley* v. *Boyer*, 76 Ind. 152; *Roe* v. *Cronkhite*, 55 Ind. 183. Failure on one material point will ensure a reversal of the judgment. *Ray* v. *Dunn*, 38 Ind. 230.

Whether a verdict is sustained by the evidence is determined by applying the law to the facts it proves, since it is obvious that, if the evidence does not bring the case within the governing legal principle, the verdict is without support.

The principle which rules this case forbids a recovery unless it affirmatively appears that the municipal corporation had notice of the unsafe condition of the sidewalk, or was chargeable with negligence in not acquiring knowledge. A broad distinction is made by all the authorities between cases where the municipal corporation itself makes a sidewalk unsafe, and cases where it is made unsafe by a wrong-doer. This case belongs to the latter class, and the municipal corporation is not liable unless it was guilty of negligence, and guilty of negligence it could not be, unless some officer or agent had actual notice of the unsafe condition of the sidewalk, or it had been so long unsafe that it was the duty of the municipal authorities to take notice of its condition.

Municipal corporations are not liable for the acts of persons it licenses to use its streets, unless the thing authorized is intrinsically dangerous, or the municipal authorities have notice of the negligence of its licensees. *Ryan* v. *Curran*, 64 Ind. 345 (31 Am. R. 123); *Dooley* v. *Town of Sullivan, ante*, p. 451.

No liability was incurred by licensing the builders to use the sidewalks, even if it be conceded that the builders were

negligent, for, in order to make the municipality liable, evidence of the negligence of the builders must be supplemented by evidence that the city authorities were also negligent.

There is not a scintilla of evidence tending to show that any officer or agent of the city had actual notice of the obstruction of the sidewalk. If there is liability at all, it must be because the sidewalk had been so long unsafe that the municipal authorities were chargeable with notice. The question, therefore, is, does the evidence show that the city was guilty of negligence in not acquiring knowledge of the unsafe condition of the sidewalk? If the evidence fails to show that the city did not exercise ordinary care, then it fails to prove negligence, for the degree of care required of the city is ordinary care. If the evidence fails on this one essential point it defeats the case as certainly and effectually as if it failed on every point, since proof of this point is absolutely essential to a recovery.

It is shown by uncontradicted evidence that work on the building was discontinued on the 10th day of November, 1883, and recommenced on the 19th day of that month. It is also shown that planks were placed across the walk on the day last named for the purpose of a runway on which to wheel bricks. During the daytime, while in actual use, there can, of course, be no plausible pretense that there was negligence on the part of the city.

The only evidence that the plank over which the appellee fell was across the sidewalk on the night of the 19th is that it was there at about twenty minutes after six, as Miss Dodge testifies, and about six-thirty or seven o'clock, when the appellee fell over it.

The appellee's witness, Frederick Clark, testified that there was no obstruction across the sidewalk on Sunday, the day before the accident, but that it was placed there on the morning the accident happened. This witness also testified that they quit work at fifteen minutes after five o'clock, and that he thinks all obstructions were then removed. On this, the

appellee's evidence, we do not see how it is possible to main-
tain this verdict.    Even if this evidence were not overthrown
by the evidence introduced by the appellant there could be
no recovery.    At the most, the plank was  across the side-
walk after work ceased only one hour and forty-five minutes,
even if it be granted that it was left there when the workmen
left the building at fifteen minutes after five o'clock.    This
certainly is not such a length of time as will charge the city
with negligence in failing to take notice of the obstruction.

It must be kept in mind that the use of the sidewalk was
a lawful one, and that this use did not make it intrinsically
dangerous.    As the use was neither dangerous nor unlawful,
the municipality was not bound to keep constant watch over
the builders.    Its officers had a right, within reasonable
limits, to presume that men engaged in a lawful work would
do it in a lawful manner.  They were not bound to anticipate
negligence on the part of the men thus engaged.

In this case there was no express license granted the
builders ; but if there had been, the city would not have been
chargeable with notice of their negligence.    *Masterton* v.
*Village of Mt. Vernon*, 58 N. Y. 391; *Sweet* v. *Glovers-
ville*, 12 Hun, 302 ; *Dorlon* v. *City of Brooklyn*, 46 Barb. 604 ;
*McDermott* v. *City of Kingston*, 19 Hun, 198 ; *Cohen* v.
*Mayor of New York*, 43 Hun, 345.

It is clear, therefore, that the only ground upon which it
is possible to hold the municipality liable is that the time
during which the obstruction was across the sidewalk was
such as to make it negligence not to acquire knowledge, and
we think the brief time that elapsed, even upon the suppo-
sition that the obstruction was left on the sidewalk at fifteen
minutes after five o'clock, is not sufficient to warrant the con-
clusion that the city was guilty of negligence in not acquir-
ing notice.

But the concession that the builders were negligent is
wholly unwarranted.    George Zumbrum, James Phillpot,
William Hettinger, Robert Phillpot, Thomas Goodall and

William Kirtley, workmen engaged in the erection of the building, testify that there was a platform erected across the sidewalk on the morning of November 19th, and that it was taken away on quitting work. Two or more of these witnesses testified that they assisted in taking it away, and that no obstructions were left on the walk.

William Kirtley swore that he was the landlord of the American House, situated three doors distant from the Hotel Hayes, the building in process of erection, and that the platform was taken down on quitting work on the evening of the 19th of November. We can not yield to counsel's contention that the jury were at liberty to disregard this positive testimony, for the only thing that has even the semblance of a contradiction is that there was a plank across the sidewalk about an hour and fifteen minutes after the workmen left the building. *Cincinnati, etc., R. W. Co.* v. *Long, supra; Palmer* v. *Chicago, etc., R. R. Co., ante,* p. 250.

The fair and reasonable inference is that these men told the truth, and that some wrong-doer placed the plank across the walk. If the obstructions were all removed on quitting work near nightfall, there was, under the authorities cited in our former opinion, no negligence. *Dooley* v. *Town of Sullivan, supra.*

Petition overruled.

Filed Dec. 10, 1887.