P. H. THEISSEN, Appellee, v. THE CITY OF BELLE
PLAINE, IOWA, Appellant.

1. **Negligence**: PERSONAL INJURY: EVIDENCE: PRACTICE.  Where,
in an action for personal injury, the close of plaintiff's testimony
left a conflict in the evidence upon the question of negligence on
the part of the defendant, and that of the plaintiff's freedom from
contributory negligence, *held*, that the case should be left to the jury
to decide, and that a motion, at such stage of the case, to instruct the
jury to return a verdict for the defendant, was properly overruled.

2. ——— : ——— : NOTICE.  The accident resulting in injury to the
plaintiff occurred between ten and eleven o'clock at night, and
was caused by the removal of a barricade before an opening in the
public sidewalk of the defendant city between ten o'clock of the
same evening and the time of the accident. *Held*, that the facts
did not warrant a presumption of knowledge on the part of the
city of the removal of the barricade prior to the accident, and that,
in the absence of evidence that the city had caused its removal or
had actual notice thereof, it was not guilty of negligence.

3. ——— : ——— : CONTRIBUTORY NEGLIGENCE: INSTRUCTIONS.  In an
action for damages for a personal injury sustained through the
alleged negligence of another, an instruction to the jury that, to
entitle the plaintiff to recover, he must show himself to have been
free from negligence that *proximately* contributed to the injury,
is not improper.

*Appeal from Benton District Court.*—HON. J. H.
PRESTON, Judge.

TUESDAY, OCTOBER 14, 1890.

ACTION to recover damages for personal injuries
sustained by falling into an opening in one of the
public sidewalks of the defendant city, because of the
alleged negligence of the city in not repairing said walk,
and in not adequately protecting those using the same
from falling into the opening therein.  There was a trial
to a jury, resulting in a verdict and judgment for plain-
tiff.  The defendant appeals.

*J. J. Mosuat* and *T. H. Milner*, for appellant.

*Whipple & Sells* and *George C. Scrimgeour*, for appellee

GIVEN, J.—I.  At the close of plaintiff's testimony defendant moved for a verdict upon the grounds that
1. NEGLIGENCE: personal injury: evidence: practice.
the evidence showed plaintiff guilty of contributory negligence, and failed to show negligence on the part of defendant.  The overruling of this motion is assigned as error.

It appears, without conflict, that some days prior to April 30, 1888, the defendant city permitted a part of one of its public sidewalks to be and remain removed to facilitate repairs on an abutting building.  By the removal, an opening was made in the walk dangerous to persons traveling along the same.  Suitable guards were placed and maintained around the opening up to the evening of the night that plaintiff was injured. There were two routes equally distant and convenient between the plaintiff's home and place of business ; one being by the walk in question.  Between ten and eleven o'clock on the evening of April 30, 1888, the plaintiff, while walking along the sidewalk in question, from his place of business to his home, fell into the opening and received the injuries for which he seeks to recover.  He knew of the opening, and of the manner in which it had been inclosed for several days prior to the accident. He testified, that he took that road instead of the other because he was carrying a sum of money ; that tramps were around that evening ; and that he was more likely to encounter them by the other road, as it led past the railroad depot, and, going as he did, he had the company of two neighbors part of the way home.  He also testified that the night was so dark he could not see anything, and that he had his hands out feeling for the boards that inclosed the opening when he fell in, and that there was only one board across the opening at the west end where he fell, which was the lower board, and over which he tripped.  Taking the testimony as it

stood when this motion was ruled upon, there was clearly such conflict upon the question of negligence of each party as to entitle the parties to have the same decided by the jury. It was for the jury to decide whether, under the facts and circumstances, either party was guilty of negligence. There was no error in overruling the motion. *Whitsett v. Chicago, R. I. & P. Ry. Co.*, 67 Iowa, 150.

II. As already stated, it appeared without conflict that up to the evening of the accident the opening in the walk was sufficiently barricaded. The knowledge of that fact is

2. ——: ——: notice.

relied upon as justifying the plaintiff in going that way. The testimony of Mr. Elliott, the mayor, and others, that the planks were in position across the west end of the opening at ten o'clock on the night of the accident, is not necessarily contradicted by the statement of plaintiff and others that the top plank was gone when he fell in the opening. But one conclusion can be reached from the testimony, and that is, that between the time Mr. Elliott left the place, and the time of the accident, the upper plank had been removed, and that the accident occurred because of such removal. The city was not guilty of negligence unless it caused the removal of the upper plank, or had notice of its removal, or such time had elapsed as that it may be presumed to have known of its removal. There is no claim that the city caused the plank to be removed, nor that its officers had any knowledge of its removal. The time between the removal and the accident was, at most, less than one hour, and in the night. Surely notice cannot be inferred from such a state of facts. Appellant's motion for new trial should have been sustained upon the grounds that the plaintiff failed to show that the defendant was guilty of negligence as charged.

III. Appellant complains of the use of the word "proximately" as found in the fifth and seventh paragraphs of the charge to the jury, and refers to *Parkhill v. Town of Brighton*, 61 Iowa,·103, wherein the court says, that "the

3. ——: ——: contributory negligence: instructions.

language used is proper enough in a legal treatise of judicial opinion, but is not to be commended in an instruction to a jury. The giving of the instruction cannot, perhaps, properly be assigned as error." The reason for this remark does not now apply with the same force, because of the frequency with which the term is employed in legal proceedings, and the more general understanding of its meaning. The instructions under notice were plain and easily understood.

It follows from the conclusion already announced that the judgment of the district court must be REVERSED.