(18 App. Div. 94.)

### RILEY v. TOWN OF EASTCHESTER.

. (Supreme Court, Appellate Division, Second Department. May 11, 1897.)

1. DEFECTIVE HIGHWAYS—LIABILITY OF TOWN.

Six weeks after an excavation in a highway had been filled up, plaintiff's wagon wheel sank into it as he drove over it, and his wagon was upset. Plaintiff had driven over the place every day during the preceding six weeks, and he testified that it looked all right as he approached it at the time of the accident, which was early in the morning. During the previous night there had been a heavy rain. *Held*, that the highway commissioner. was not chargeable with notice of the condition of the excavation, so as to render the town liable for plaintiff's injuries.

2. SAME—MEASURE OF RESPONSIBILITY.

Laws 1890, c. 568 (Highway Law) § 16, declares towns liable for damages caused by defects in highways existing by reason of the negligence of the highway commissioner. Section 17 gives the town a right of action against the negligent highway commissioner for the amount of the judgment. Both sections were derived from Laws 1881, c. 700, which made the responsibility of the commissioner the measure of the responsibility of the town. *Held*, that such measure of responsibility was continued by the act of 1890.

Appeal from trial term, Westchester county.

Action by Stephen A. Riley against the town of Eastchester for personal injuries and injuries to personal property. The complaint was dismissed at the close of plaintiff's case, and plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

William Riley, for appellant.
Herbert D. Lent, for respondent. .

WILLARD BARTLETT, J. The purpose of this action is to charge the town of Eastchester with the consequences of an accident which happened to the plaintiff while driving with his horse and wagon along a highway in that town known as "Main Street," on the morning of the 15th day of November, 1895. Excavations had previously been made in the highway by the New Rochelle Water Company, under a contract with the town which provided for the laying of water pipes by the corporation. The plaintiff's claim is that his wagon sunk and fell into one of these excavations, which had not been properly filled up, so that the vehicle was upset and broken, the milk which it contained was lost, and other damages were sustained, amounting in all to the sum of $500. The suit is brought under section 16 of the highway law, which declares that every town shall be liable for all damages to person or property sustained by reason of any defect in its highways or bridges existing because of the neglect of any commissioner of highways of such town. Laws 1890, c. 568. The next section gives the town a right action against the negligent commissioner for the amount of the judgment. Both provisions are derived from chapter 700 of the Laws of 1881, and were evidently intended to preserve and continue in force the law as established by that statute, in respect to the liability of towns for accidents upon their highways or bridges. Waller

v. Town of Hebron, 5 App. Div. 577, 39 N. Y. Supp. 381. Under the act of 1881 the responsibility of the town was measured by the responsibility of the commissioner, who was chargeable only where the injury was due to his failure to exercise ordinary care in the performance of his duties. Lane v. Town of Hancock, 142 N. Y. 510, 37 N. E. 473. This is said to be "such care and conduct on the part of the commissioner as a reasonable and prudent person would ordinarily have exercised under the circumstances of the situation." Applying this measure of duty to the conduct of the commissioner of highways of Eastchester in the case at bar, we cannot see how he can be deemed negligent. The contract with the New Rochelle Water Company provided that the corporation, after using the streets in the course of the work, should restore them as nearly as possible to their former condition. The company also agreed to pay for the services of an inspector, to be appointed by the town, at all times while work under the contract was being done upon the roads, streets, avenues, or other public places; and such an inspector was duly appointed. The excavation at the place of disaster had been filled up about six weeks before the accident happened, and the plaintiff himself testified that during these six weeks he drove over it daily every morning. When he approached it on the occasion of the injury, it looked all right, he says, and he thought it was all safe; but during the previous night there had been a heavy rain, and his wheel sank down nearly 18 inches, and tipped his wagon over. If this portion of the highway was apparently in a perfectly safe condition, and was believed to be so by the plaintiff himself, who traveled over it every day, it would be most unreasonable to hold that the commissioner of highways was bound to anticipate and guard against a change that was evidently not expected by those most familiar with the locality, and which must have occurred in consequence of the rain in the night. The accident took place very early in the morning,—at 10 minutes to 5; and the law will not impute notice to the commissioner, by reason of lapse of time, of the existence of a defect only a few hours old at most, and so latent in character that a daily driver over the highway neither saw nor suspected any danger as he approached the place. The fact that the spot had been driven over in safety every day for six weeks after the excavation was filled up tended to show that the work done by the New Rochelle Water Company had been properly inspected in behalf of the town, and that the company had performed its engagement to restore the road as nearly as possible to its previous condition. In no view of the case can the commissioner be held liable for not knowing more than the plaintiff knew about the true state of the highway at the point in question, or be regarded as negligent within the established rules in respect to the duties of such an officer. Lane v. Town of Hancock, supra, and cases there cited.

The complaint was properly dismissed, and the judgment in favor of the defendant should be affirmed. All concur.