IN THE

# SUPREME COURT OF TENNESSEE,

FOR THE

## MIDDLE DIVISION.

NASHVILLE, DECEMBER TERM, 1899.

---

FRANKLIN *v.* HOUSE.

(*Nashville.* January 20, 1900.)

1. MUNICIPAL CORPORATIONS. *Liability for defective sidewalks and streets.*

To render a city liable for injury resulting from defective sidewalks or streets, it must apppear that the city had actual or constructive notice of the existence of the defect. Notice of defect will be imputed to the city, where, from the nature of the defect, the time of its continuance, and the other circumstances of the particular case, it can be fairly presumed that the city either had, or could, by reasonable diligence, have had, knowledge of the defect.

20 P—1

Franklin *v.* House.

2. SAME. *Same.*

The facts are not sufficient to fix liability on a city for an injury resulting from a hole in the sidewalk, which had been dug by a telephone company, in putting up its line, by leave of the city, only an hour and a half before the accident, and, without the city's actual knowledge, left open at nightfall without any light to signal persons passing by of its dangerous existence. The city was not required to assume in advance negligence on the part of the telephone company.

FROM WILLIAMSON.

Appeal in error from Circuit Court of Williamson County. W. L. GRIGSBY, J.

HENDERSON & BERRY, EGGLESTON & EGGLESTON, and J. J. VERTREES for Cumberland, etc., Co.

HEARN, McCORKLE & LANE and WM. HOUSE for House.

BEARD, J. Mrs. House, in going from a neighbor's to her own home about eight o'clock in the evening stepped into a hole dug by the employes of the telephone and telegraph company, receiving serious injuries, to recover damages for which this suit was brought.

The company had been operating telephone lines in the town of Franklin for several years prior to this accident. In October, 1897, it applied to the proper authorities of the town for leave to

Franklin *v.* House.

dig holes and erect poles along certain of its streets, with the view of extending its business connections. This was granted, and the employes of the · company were acting under it when the excavation in question was made.

There is no controversy but that this excavation was located inside the curbing of the pavement or sidewalk of one of the streets of the town of Franklin; that it was finished about one and one-half hours before this accident; that it was left uncovered and without any light to signal persons passing of its dangerous 'existence; and that, without negligence on her part, Mrs. House, in using the sidewalk, stepped into this open place and received injuries which were painful and are possibly permanent in character. It is also without controversy that no one of the municipal authorities of Franklin had actual notice that a telephone pole was to be erected at this point, or that this excavation had been made and then left unprotected by the telephone company's workmen.

In the light of these facts it is insisted that the judgment against the town of Franklin should be reversed. We agree with this insistence, as we are unable to discover in the record any grounds upon which the municipality can be held liable for the injury. "It is well settled that in the absence of actual notice of a highway defect, the general rule is that a town or city is not liable

for an injury caused by the defect, unless it has existed so long that notice or knowledge thereof should be imputed to the municipality. Notice may ordinarily be imputed when the defect had existed for a long time." This is a quotation from 2 Beach on Pub. Corp., Sec. 1519. Again, the same author says: "Of course notice shall not be imputed where the defect has been of any short continuance, as municipal corporations are held only to reasonable care and diligence in search for highway defects, and particularly where they are concealed by darkness, or are in remote and little frequented parts of the city." Sec. 1520.

The length of time during which a defect must exist in order that constructive notice thereof may be imputed to the municipality cannot be fixed by arbitrary rule, but must depend upon the charac ter of the defect and the circumstances of the particular case. Elliott on Ro. & Sts., 462. To hold, however, that notice may be raised by con struction, as in the present case, where there was nothing to induce apprehension on the part of the town authorities that the defect would occur, and where it had existed so brief a time before the accident happened, would be to impose a duty of extraordinary diligence, and thus to make the municipality the insurer of all persons using its streets. On the contrary, ordinary diligence is the rule. So in the late case of *City of Warsaw* v. *Dunlap,* 112 Ind., 576, it was held that the city

was not liable for an injury resulting from an obstruction caused by one engaged in the erection of a building, who, on quitting his work at night, carelessly left a plank across the sidewalk, the in-minutes after the workman had left.

It is apparent from what has been said that consent on the part of the municipal authorities for the company to erect its poles along some of the streets of the town and knowledge of the fact that they would dig holes for that purpose, would not, without more, affect them with notice that the hole in question had been dug or left unprotected after it was made. The town authorities cannot be held liable for a failure to assume that the employes of the telephone company would negligently do this work.

The judgment against the Mayor and Aldermen of Franklin is therefore reversed and the case as to it is remanded for a new trial.

The various assignments of error made by the Cumberland Telephone & Telgraph Company have been considered and overruled in an oral opinion. As to that company the judgment of the lower Court is affirmed.