### McKEE v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department.   December 30, 1909.)

1. MUNICIPAL CORPORATIONS (§ 788*)—DEFECTIVE STREETS—PERSONAL INJU-
RIES—NOTICE AND OPPORTUNITY TO REPAIR.

A city is not liable for injuries through a defective street, unless it had
notice of the defect and a reasonable opportunity thereafter to repair or
to protect.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §
1641; Dec. Dig. § 788.*]

2. MUNICIPAL CORPORATIONS (§ 791*)—DEFECTIVE STREETS—NOTICE—CON-
STRUCTIVE NOTICE.

Where a defect in a city street has continued such a length of time as
to become notorious, and to justify the presumption that its existence
was known to the agent of the corporation charged with the duty of keep-
ing the streets in repair, notice to the city will be presumed.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§
1647–1651; Dec. Dig. § 791.*]

3. MUNICIPAL CORPORATIONS (§ 821*)—DEFECTIVE STREETS—CONSTRUCTIVE NO-
TICE—QUESTIONS FOR JURY.

The question of constructive notice to a city of a defect in a street is
generally for the jury.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §
1750; Dec. Dig. § 821.*]

4. MUNICIPAL CORPORATIONS (§ 791*)—DEFECTIVE STREETS—CONSTRUCTIVE NO-
TICE.

Where a defect in a street was due to a rainfall which commenced on
the night of July 29th and ceased about 8 o'clock p. m. July 30th, and
plaintiff was injured within two or three hours thereafter, defendant city
was not negligent in failing to repair the defect or to safeguard it.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §
1648; Dec. Dig. § 791.*]

Hirschberg, P. J., and Rich, J., dissenting.

Appeal from Trial Term, Richmond County.

Action by Nora Lowe McKee against the City of New York. From
a judgment for plaintiff, and from an order denying a motion for a
new trial, defendant appeals. Reversed, and new trial granted.

Argued before HIRSCHBERG, P. J., and JENKS, BURR, RICH,
and MILLER, JJ.

James D. Bell, for appellant.
Samuel H. Evins, for respondent.

JENKS, J.   The plaintiff recovered a judgment against the city of
New York for personal injuries due to negligence.   In her attempt to
cross over a public street in the borough of Richmond about 10 o'clock
p. m. of July 30, 1905, she stepped into "a gully, hole, or opening"
and was injured.   This appeal is taken by the defendant.

The defendant requested the learned court, but the court refused,
under exception, to instruct the jury as follows:

"I ask your honor to charge that, if the jury shall find that the hole or de-
pression testified to by the plaintiff was occasioned by the rainstorm which

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

commenced on the night of July 29th and terminated on July 30th about half-past 8 p. m., that they must find a verdict for the defendant."

I think that this exception was well taken, and is fatal. The alleged defect in the street was between the car rails in the roadway. It was described by the plaintiff and her witnesses as a gully or rut or ditch, about 12 to 16 inches in depth, and from 10 to 15 feet in length. The evidence clearly indicates that this alleged defect was caused by the action of rainwater upon the surface of the street. A witness for the plaintiff, who gave the most specific description, said that it was "a ditch or rut, as would be formed by rushing water through macadam stones, which would be rough and irregular." The liability of the defendant charged is its negligence in failing to repair and to safeguard the defect. Before that liability can be established, it must appear that the city had notice and a reasonable opportunity thereafter to repair or to protect. The plaintiff relied upon the rule of constructive notice. The rule is well expressed in Weed v. Village of Ballston Spa, 76 N. Y., at page 336, as follows:

"If it has continued such a length of time as to become notorious, and to justify the presumption that its existence was known to the agents of the corporation charged with the duty of keeping the streets in repair, notice will be presumed. Requa v. City of Rochester, 45 N. Y. 130 [6 Am. Rep. 52]; Diveny v. City of Elmira, 51 N. Y. 506; Hume v. Mayor, etc., 47 N. Y. 639."

Carlin, inspector of highways, called by the defendant, testifies that prior to July 30th the condition of the street at this location was fair, with the exception of the top being broken between the tracks—simply that the top dressing was washed off very little. Crilly, a foreman of the highway department, testifies that he had visited the street prior to July 30th once or twice daily; that its condition prior to July 30th was pretty fair; that there was no gully or holes in it, such as had been testified to by the plaintiff. Curry, a foreman in the department of highways, testifies that he was familiar with the condition of the street prior to July 30th, that it was in good condition, and that he did not see any gully or hole existing on July 30th. Reed, a police officer, whose post covered this location, testifies that on July 30th it was in good condition. Jones, another police officer, testifies that during the week preceding July 30th the street at this point was in fairly good condition—only worn by driving. Bently, another police officer, testifies that this point in the week preceding July 30th was in fairly good condition. The witness Carlin also testifies that he received a telephone on the morning of July 31st that there was a washout on Hyatt street, on the sidewalk, and that he went there at 8 o'clock on July 30th, and found there was a washout on the sidewalk between the flag and the curb; that the roadway was in good condition on that morning, and the condition of the roadway between the tracks was very bad. The witness Crilly testifies that he went to the point of the street on July 31st, in the morning, to repair a washout, and started in to do it with his gang of men. The defendant gave evidence, from the officer of the local Weather Bureau, that there was a rainstorm which commenced on July 29th, about half past 7 p. m., and continued up to 9 o'clock p. m., with a precipitation of .24 of an inch;

that on the 30th the rainstorm began at 2 o'clock in the morning and rained lightly until 4 a. m.; that between 2 o'clock and 4 o'clock a. m. there was a fall of 1.84; that it commenced raining again about 3:50 p. m., stopped at 8 o'clock p. m., and it rained 1.59 inches; and that there was no rainfall from July 15th to July 28th, inclusive, except on the 23d, when there was .39 of an inch.

The question of constructive notice is generally for the jury. But if this defect was due to that rainfall which only ceased at 8 p. m., or 8:30 p. m., and the plaintiff was injured within two or three hours thereafter, I think that there was not, under the circumstances, such an interval as would have warranted a verdict against the defendant for its negligence either to repair this defect or to safeguard it. Riley v. Eastchester, 18 App. Div. 94, 45 N. Y. Supp. 448; Dorn v. Oyster Bay, 84 Hun, 516, 32 N. Y. Supp. 341; Lowhouse v. City of Buffalo, 22 Weekly Dig. 49 (Gen. Term, 5th Dept., Smith, P. J., and Barker, Haight, and Bradley, JJ.); Stoddard v. Winchester, 154 Mass. 149, 27 N. E. 1014, 26 Am. St. Rep. 223; Blakeley v. City of Troy, 18 Hun, 169; Carroll v. Allen, 20 R. I. 541, 40 Atl. 419; Theissen v. City of Belle Plaine, 81 Iowa, 118, 46 N. W. 854; Elliott on Streets, § 626.

I advise that the judgment and order be reversed, and that a new trial be granted; costs to abide the event.

BURR and MILLER, JJ., concur. HIRSCHBERG, P. J., and RICH, J., dissent on the ground that they deem the alleged error to have been cured by the next request charged.