FROST v. VILLAGE OF PORT CHESTER.

(Supreme Court, Appellate Division, Second Department.   June 17, 1910.)

MUNICIPAL CORPORATIONS (§ 796*)—DEFECTIVE SIDEWALKS—PERSONAL IN-JURIES.

Defendant city, whose charter authorized it to require abutting own-ers to lay sidewalks in front of their premises according to a fixed grade, was not liable for injuries to one who at night, owing to the absence of barriers or lights, stumbled over a pile of dirt brought by the lot owner's contractor for filling, and fell on some flagstones deposited in accordance with defendant's direction to the owner to lay the walk.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1655; Dec. Dig. § 796.*]

Appeal from Trial Term, Westchester County.

Action by George Frost against the Village of Port Chester. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued before WOODWARD, JENKS, BURR, THOMAS, and CARR, JJ.

William A. Davidson, for appellant.

Clinton T. Taylor, for respondent.

CARR, J.  The plaintiff was injured by falling over some obstruc-tions on a sidewalk of the village of Port Chester on the night of June 29, 1907.  The night was rainy, and he was carrying an umbrella.  As he came along the street to the place of the accident, he stumbled over a pile of dirt on the sidewalk and fell to the ground, striking his body against some large flagstones which had been placed near the curb. The flagstones and dirt had been left there in the afternoon of the same day, but a few hours before the accident, and, if actual or con-structive notice to the defendant of the condition of the sidewalk was necessary, enough was not shown to charge it with notice and with liability.  McKee v. City of New York, 135 App. Div. 829, 120 N. Y. Supp. 149, and cases cited.  The plaintiff's complaint was dismissed at the trial.  From the judgment of dismissal, this appeal is taken. The appellant contends that the facts of this case bring it within the rule declared in Wilson v. City of Troy, 135 N. Y. 96, 32 N. E. 44, 18 L. R. A. 449, 31 Am. St. Rep. 817, and the earlier cases there cited, where it was held that when the dangerous condition of the highway results from the acts of the municipal corporation itself, or of its agents, a necessity of proving actual or constructive notice of the con-dition in order to impute liability does not exist.

It appears that the village charter gave its authorities power to re-quire abutting owners to lay sidewalks in front of their premises ac-cording to a fixed grade.  The owner of the premises abutting the place of accident had been so directed by the proper authorities.  He entered into a contract to do the work.  As the place where the side-walk was to be laid was, in spots, below the fixed grade, some dirt had to be used for filling.  The contractor brought along the flagstones and dirt, and left them where they were to be used, and omitted to place

any barrier or light about or near them. The appellant contends that in directing the sidewalk to be laid the defendant was acting in its own behalf, and that in the process of carrying out the improvement the abutting owner and his contractor were but the agents of the defendant, for whose negligence it is as liable as if it had done the work itself. No authority in this state, precisely in point, is called to our attention. In the case of Wilson v. City of Troy, the accident was caused by an excavation in the highway, made by the employés of the city. Such condition was necessarily dangerous, if left unguarded and unlit in the nighttime. It was there held that there could be no question of necessity of notice that it was unguarded and unlit, for the duty to guard and light was upon the same being which made the excavation. So, among the cases there cited, are some where a city had made a contract for certain improvements which necessitated the storing of material on the highway, and it was held that, as the city knew the material had to be placed upon the highway, it was bound to take steps in advance to procure the placing of barriers or lights for the protection of travelers.

The situation of grading and laying a sidewalk on a village street is practically different. There is nothing inherent in the nature of such work which charges the municipality with the duty of anticipating a dangerous incumbrance or obstacle. For instance, in the case at bar, the village was not bound to anticipate that the dirt brought for filling purposes would have been left in a dangerous pile. At most, it was but a small quantity, and would have taken but very little time, at most a few minutes, to level it off. Nor was it bound to anticipate that the flagstones would be left dangerously near the traveled way. In one sense, the abutting owner was the agent of the village in laying the sidewalk; that is, he was doing himself, at his own expense, a public work, under the order of the village, which otherwise the village had power to do itself at his expense. City of Keokuk v. Independent District of Keokuk, 53 Iowa, 352, 5 N. W. 503, 36 Am. Rep. 226. At the same time, neither he nor his contractor was the agent of the city in such sense as to make the city liable, under the principle of respondeat superior, in the doing of any act which in itself need not render the highway unsafe.

The judgment should be affirmed, with costs. All concur.