ELIZABETH MILLER, Respondent, v. KANSAS CITY, Appellant.

Kansas City Court of Appeals, May 29, 1911.

MUNICIPAL CORPORATIONS: Notice: Dangerous Board: Personal Injury. Where a large board, four or five feet wide and six or seven feet high, which was fastened on one side of an ice cream stand kept on the sidewalk under an open awning, in a public travelled alleyway, and which was taken down by the keeper of the stand who thought it had become insecure in its fastenings, and stood against an iron fence running along parallel with the walk, while he went to a near-by store to get nails with which to secure it in position again, blew over and fell upon a woman, who was waiting for a street parade, in a few moments after the keeper returned, the whole time not being to exceed thirty minutes; it was held that the jury should have been directed, as a matter of law, that there was no notice to the city, and that no liability existed.

Appeal from Jackson Circuit Court.—*Hon. John G. Park* Judge.

REVERSED.

*Francis M. Hayward* for appellant.

(1) Appellant's demurrer to plaintiff's evidence should have been sustained as the city did not have either actual or constructive notice of the dangerous condition of the walk which caused respondent's injury. Fehlhauser v. St. Louis, 178 Mo. 635; Dwyer v. Boston, 180 Mass. 208; McFeeters v. New York, 102 App. D. (N. Y.) 32; Warsaw v. Dunlap, 112 Ind. 576; Stoddard v. Winchester, 154 Mass. 149; Craig v. Loeminister, 200 Mass. 101; Butler v. Oxford, 69 Miss. 618; Thiessen v. Belle Plain, 81 Ia. 168; Vance v. Kansas City, 123 Mo. App. 644. (2) The court erred in giving instruction I, asked by respondent, there being no evidence to support it. Chambers v. Railroad, 111 Mo. App. 619; Flemming v. Railroad, 101 Mo. App. 217.

*Charles R. Cooksey* and *Bird & Pope* for respondent.

ELLISON, J.—This action is for personal injury received by plaintiff while standing on a walk in an alleyway, near the City Hall, in Kansas City, Missouri, which was used by the general public. She recovered judgment in the trial court.

It appears that there was an ice cream stand under an open awning on this walk, and that a number of people had congregated there and in that vicinity to view a circus parade and a rope walk. An iron fence ran parallel with the walk, and there was a large board designated by some of the witnesses as a "sign board." It was said to be four or five feet wide and perhaps between six and seven feet high.

It had for a considerable time been resting on another board about two feet high and was nailed up on the west of the awning and formed some degree of protection from that side. It had been in that position for a time amply sufficient to charge notice to the city that it was there. But on the day in question the keeper of this stand, noticing that it had become somewhat loose, took it down, leaned it against the iron fence and went to a near-by store to get some nails so as to fasten it up again in a secure way. He got the nails, returned, and in a few moments the sign was blown over and fell on plaintiff and some others who were with her, inflicting the injury of which she complains. The time from his standing the board against the fence to its falling on plaintiff was stated to be between fifteen and thirty minutes; and again stated to be between ten and fifteen minutes. These facts are taken from the evidence given by the keeper of the stand, who was a principal witness for plaintiff, and plaintiff herself testified that she saw the board a few minutes before it fell and that "It was resting against the iron fence." When asked if it was "Just resting loose against it?" she said she did not know.

Under the evidence the court should have declared as a matter of law that there was no notice to the city and that plaintiff could not recover. [Fehlhauer v. St. Louis, 178 Mo. 635; Dwyer v. Boston, 180 Mass. 381; Stoddard v. Winchester, 154 Mass. 148; Warsaw v. Dunlap, 112 Ind. 576; Theissen v. Belle Plains, 81 Iowa 118.] The time for notice in these cases varies from a few minutes to an hour and it was held to be insufficient.

Plaintiff seeks to discredit some parts of this witness's testimony and yet rely on other parts. Passing by her right to question the veracity of her own witness and her right to argue here that the jury did not believe him, we find that in those points where it is sought to show he failed to state the facts,

far-fetched deductions and inferences are attempted to be drawn.

We consider the judgment manifestly for the wrong party, and it is reversed. All concur.