# Ex Parte Whaley, in re City of Bessemer v. Whaley.

## Injury from Defective Street.

(Decided July 25, 1914.    66 South. 145.)

1. *Parties; Objection.*—Under section 1274, Code 1907, an objection that some person or corporation should have been joined with the city as a defendant, but had not been, should be presented by a motion for non-suit, and not by a demurrer.

2. *Same; Waiver.*—Where the city fails to move for a non-suit for want of a proper party defendant under section 1274, Code 1907, and pleads to the complaint instead, it waives its right to object to non-joinder of parties defendant.

3. *Municipal Corporation; Defective Sidewalk; Injury; Evidence.*—Where the complaint alleges that the city officers failed in their duty relative to the sidewalks, city ordinances relating to such duties are admissible in evidence.

CERTIORARI to Court of Appeals.

Mrs. S. B. Whaley sued the city of Bessemer for damages for personal injury because of a defective sidewalk, and had judgment, which judgment on appeal to the Court of Appeals was reversed and remanded. She now brings certiorari to review the judgment and decision of the Court of Appeals. Writ granted.

See *City of Bessemer v. Whaley*, 10 Ala. App. 569, 65 South. 691.

ESTES, JONES & WELCH, for appellant. Counsel uses the same argument in support of the petition for certiorari as was used by them as counsel for appellee in *City of Bessemer v. Whaley*, 10 Ala. App. 569.

L. HERBERT ETHRIDGE, for appellee. Counsel used the same argument as that used in a former report of this case in *City of Bessemer v. Whaley*, 10 Ala. App. 569.

DE GRAFFENRIED, J.—Undoubtedly the complainant in this case makes out a cause of action against the city of Bessemer.—*City of Bessemer v. S. B. Whaley*, 10 Ala. App. 569, 65 South.542.

It is claimed that some of the counts of the complaint show that other persons besides the city of Bessemer participated in the creation of the nuisance which proximately caused the plaintiff's injuries. If so, upon an appropriate motion, under the terms of section 1274 of the Code, the plaintiff might, after having been given an opportunity to make such other persons defendants, and having failed to do so, have been nonsuited. This section declares that: "The injured party, if he sues the municipality for damages suffered by him, shall also join such other person or persons or corporation so liable as the defendant or defendants of the suit, * * * and if an action be brought against the city or town

alone and it is *made to appear* that any person or corporation ought to be joined as a defendant in the suit according to the provisions in the preceding section, the plaintiff shall be nonsuited, unless he amends by making such party or corporation a defendant," etc.

In this case there was no motion for a nonsuit, and, as the above statute, by its terms, provides its own penalty for a violation of its terms, the demurrer to the complaint on the ground indicated in the last opinion of the Court of Appeals should have been overruled.

The complaint, as we have already said, makes out a good cause of action against the city. The plaintiff's right of action came to her not merely from the statutes which define her rights. Her right of action came to her from the principles of the common law. If, for the protection of the city, the plaintiff should have made some other person a defendant, then the statute itself plainly indicates the methods—the only methods, because they are of statutory creation—which should have been adopted to bring in such other person as a party defendant. As this right of the city is one purely of statutory creation, the remedy provided by the statute for the enforcement of the right must be strictly followed, as it is exclusive.—*Logan v. Barclay,* 3 Ala. 361; *Murphy's Adm'r v. Br. Bank at Mobile,* 5 Ala. 421, 465; *Taliaferro v. Lane,* 23 Ala. 369; *Gunn v. Howell,* 27 Ala. 663, 62 Am. Dec. 785; *Nicrosi v. Roswald,* 113 Ala. 592, 21 South. 338.

It may be that, if the city had made the motion for the nonsuit, the plaintiff would have shown, as a reason why such motion should not have been granted, some statutory excuse for making only the city a defendant to the suit. Section 1274 of the Code of 1907, which provides for the nonsuit, also provides that: "If the injured party shall, before bringing suit, demand of the

mayor of such municipality the name of such other person or persons or corporation as may be liable jointly with the said municipality to such injured party, and if such mayor fail to furnish, within ten days from the making of such demand, the name of such person or persons or corporation so jointly liable, the said injured party shall not be required to join such other person as a party defendant with said municipality in any suit brought to recover damages for such injuries.'

It may be that, if the proceedings looking to a nonsuit had been taken, the plaintiff would have shown that she had complied with the last above quoted provision of the Code, and that, therefore, there was not only no reason for a nonsuit, but no reason for a stay of the proceedings until the other persons could be made defendants.

At any rate, the defendant did not see proper to apply for a nonsuit, but pleaded to the complaint, and in doing so waived any legal right secured to it by the above statute in so far as a nonjoinder of parties defendant is concerned.

The ordinances to which the Court of Appeals refer in their opinion were a part of the laws of the city of Bessemer, and related to the duties of certain officers of said city relative to the sidewalks of the city. As the gravamen of the complaint challenged the performance by the officers of the city of their duties relative to said sidewalks, the ordinances were admissible and relevant. Certainly the plaintiff had a right to show that, under the ordinances of the city, there were officers who were charged with the duty of keeping the sidewalks in proper condition, and then, by other evidence, show that they had failed to perform that duty.

The last opinion of the Court of Appeals is not in accordance with the above views. The judgment of the

[Watters v. Ezell.]

Court of Appeals is therefore reversed, and the cause is remanded to that court for further proceedings.

Reversed and remanded. All the Justices concur.