[City of Huntsville v. Phillips.]

# City of Huntsville *v.* Phillips.

### *Injury from Defective Street.*

(Decided November 7, 1914. Rehearing denied December 17, 1914.
67 South. 664.)

1. *Municipal Corporations; Defective Streets; Injuries; Complaint.*
—In an action for injuries to a passenger in a hack, caused by a collision between the hack and a pile of rock placed in the street by a contractor of the city, a complaint alleging that the pile of rock was negligently allowed to remain in the street for an unreasonable length of time, that the collision therewith caused the hack to be overturned, thus producing the injuries complained of, and that the claim on which the action was based was filed with the clerk of the city by next friend of plaintiff, duly sworn to as required by law, states a cause of action against the city, good as against the demurrer filed.

2. *Negligence; Contributory Negligence; Infants.*—Where the action was by an infant ten years of age for a personal injury alleged to have been negligently inflicted, a plea of contributory negligence which fails to allege the degree of discretion required of the infant, is not sufficient.

3. *Judgment; Record on First Trial; Plea on Second.*—A defendant cannot impeach the record of the first trial of the cause by a plea filed on the second.

4. *Municipal Corporations; Injuries; Claims; Presentation.*—Where an infant was under ten years of age and without a guardian, a claim against the city for injuries to such infant, may be presented and sworn to by the infant's mother as next friend.

5. *Same; Defective Street; Action; Plea.*—Where the action was for injury to a minor caused by a collision between a hack, in which he was a passenger, and a pile of rock left unguarded in a street, a plea alleging that the proximate cause of the injury was due to the recklessness of the driver of the hack, if intended as a mere traverse of the complaint, set up facts which could be shown under the general issue, and was therefore unnecessary.

6. *Same.*—In such a case a plea which alleges that the proximate cause of the injury was the reckless driving of the driver of the hack, was bad if regarded as a plea of contributory negligence, since the passenger, as shown by the complaint, was an infant under ten years of age.

7. *Same; Liability; Travelers.*—The fact that the hack carrying the passenger injured by a collision between the hack and the pile of rock, did not have its number displayed as required by a city ordinance, would not defeat a recovery against the city for its negligence.

[City of Huntsville v. Phillips.]

8. *Same.*—In the absence of knowledge to the contrary, a driver of a hack carrying a passenger need not look for obstructions in a street, but may presume that the street is free from obstruction.

9. *Negligence; Imputed; Hack Driver.*—Where the city negligently left a pile of rock in the street unguarded, the negligence of a driver of a hack carrying a passenger injured in a collision between the hack and the rock, did not relieve the city of liability, since the passenger had no control of the driver.

10. *Appeal and Error; Review; Excessive Damages.*—Where the trial court has refused, on motion for new trial, to set aside a verdict in a personal injury action because excessive, the appellant courts will not review such action.

11. *Same; Curing Error; Argument of Counsel.*—Where objection was interposed to argument of counsel, and counsel withdrew the argument, and in response to a motion to direct the jury that the argument was withdrawn because improper, the court stated that the attorney had withdrawn the argument, any error in such argument was cured, and would not work a reversal.

APPEAL from Madison Circuit Court.

Heard before Hon. D. W. SPEAKE.

Action by Daniel J. Phillips, pro ami, against the City of Huntsville and others. From a judgment for plaintiff, the City of Huntsville appeals. Affirmed.

The first count of the complaint sets out that on a certain night, while plaintiff was riding in a hack within the corporate limits of said city, the hack collided with a large pile of crushed stone or rock which had been placed in the street by Felix Lanier in front of the residence of W. M. Yarbrough on the east side of the street in the course of construction by Lanier of a sidewalk for said Yarbrough, which pile of rock defendant had carelessly and negligently allowed to remain in said street for an unreasonable length of time; that the collision caused a vehicle or hack in which plaintiff was riding to be overturned, precipitating plaintiff out of same onto the street and under the vehicle, and as a proximate consequence thereof he suffered certain injuries which are set out. The other counts of the complaint are substantially the same, and at the end of complaint it is alleged that the claim upon which this action was

based was filed with the clerk of the city of Huntsville by plaintiff through his next friend duly sworn to as required by section 275. Defendant seeks by plea to set up the order of the court entering a judgment of mistrial as to the two defendants here and a judgment in favor of defendant Yarbrough, setting up that, if defendant was liable in any way, he was jointly liable with William Yarbrough, and that before this trial plaintiff, through his attorneys, had consented to release the said William Yarbrough, and that all liability of these defendants had been thereby discharged.

DAVID A. GRAYSON, for appellant.

BETTS & BETTS, for appellee.

DE GRAFFENRIED, J.—The plaintiff's mother came into the city of Huntsville on a train. She was a widow, and brought with her her four children, and hired a hack to take her and them to a point in the city. The hack ran into a pile of rock which had been placed in the street, and the plaintiff thereby received painful and serious injuries. The injury occurred at night, and the pile of rock was neither guarded nor had a light near it. This suit was brought by the plaintiff, a minor under 10 years of age, for damages, against the city of Huntsville, one Yarbrough, and one Lanier. The record shows that the case has been twice tried. On the first trial the jury returned a verdict in favor of the defendant Yarbrough, and failed to agree on a verdict as to the defendant Lanier and the city of Huntsville. On the second trial a verdict was rendered against the defendants Lanier and the city of Huntsville, and from the judgment following the verdict the city of Huntsville appeals.

(1) 1. The complaint in this case was not subject to the grounds of demurrer interposed to it.—*City of Bessemer v. Whaley,* 187 Ala. 65 South. 542; *City of Bessemer v. Whaley,* 188 Ala. 381, 66 South. 145.

(2) 2. In the case of *Cedar Creek Store Co. v. Steadham,* 187 Ala. 622, 65 South. 984, this court laid down, after full consideration, the rules governing the subject of contributory negligence on the part of infants. Under the rules laid down in that case, the pleas of contributory negligence filed by the defendant in this case were not sufficient. The complaint shows that the plaintiff is an infant, and the pleas do not show that degree of discretion on the part of the plaintiff which is required by the rule laid in *Cedar Creek Ctore Co. v. Steadham, supra.*

(3) 3. The defendant undertook by plea to impeach the record of the first trial. This could not be done by plea.—23 Cyc. 1055; *Alexander v. Nelson,* 42 Ala. 462.

(4) 4. The claim which was presented to the city of Huntsville for damages sustained by the plaintiff was presented and sworn to by the mother of the plaintiff as his next friend. The plaintiff was a minor of tender years, without a guardian, and this was sufficient.—*Strode v. Clarke,* 12 Ala. 621.

(5) 5. The city of Huntsville, under an ordinance, either directly or indirectly—it matters not which—was having certain paving done at the point where the injury occurred. This paving necessarily required the presence of rock at the point where the work was being done, and, of course, cast the duty upon the city of Huntsville of protecting the members of the traveling public at that point from dangers which unguarded material might entail upon them. The fact that the city was having the work done, or requiring it to be done, at

that point, gave notice to the city of its duties in that regard. The city was therefore undoubtedly guilty of negligence in permitting rock, which had been piled in the street at the point named, to be left there at night, without appropriate signals of danger.—*City of Bessemer v. Whaley, supra; Mayor & Ald., Birmingham, v. Tayloe*, 105 Ala. 176, 16 South. 576.

(6, 7) 6. There was filed in the cause a plea in the following language: "The proximate cause of the injury was the reckless driving of the driver of plaintiff's vehicle."

If that plea was intended as a mere traverse of the complaint, that could have been shown under the general issue. The trial court cannot be put in error for sustaining the demurrer to this plea, if it be regarded as a plea of contributory negligence; for it is manifestly bad as such.

(8) 7. The mere fact that the hack did not display its number as required by the city ordinance did not outlaw the hack.—*Birmingham Ry., Lt. & Power Co. v. Aetna Accident & Liability Co.*, 184 Ala. 601, 64 South. 14.

(9) 8. The defendant desired to show that the negligence of the city of Huntsville in permitting the rock pile to remain in the street in the condition above stated was not the sole cause of plaintiffs injuries, that the driver of the hack was also negligent, and that this negligence of the driver proximately caused the plaintiff's injuries. It must be remembered that in this matter the plaintiff does not stand in the driver's shoes The negligence of the driver is not to be visited upon him, provided, of course, the negligence of the city proximately contributed to the plaintiff's injuries. The idea of the plaintiff is that the negligence of the city created

the condition upon which the subsequent negligence of the driver operated, and that therefore the negligence of the city is not to be taken as the proximate cause of the plaintiff's injuries. Each moment that the city permitted the pile of rock to remain in the street in the condition above stated, it was guilty of an act of neglect, and we affirm with confidence that if the pile of rock had not been in the street the plaintiff would not have been injured. When the plaintiff was injured he was in the hands of a common carrier of passengers over which neither he nor his mother had control, and we think that under the best considered authorities the contention of the appellant on this subject is not well founded.—*Little v. Hackett,* 116 U. S. 366, 6 Sup. Ct. 391, 29 L. Ed. 652; *Bennett v. New Jersey R., etc., Co.,* 36 N. J. Law, 225, 13 Am. Rep. 435; 29 Cyc. pp. 547, 548, and authorities there cited.

(10) 9. The driver of the hack was under no duty to look for obstructions in the streets. He had a right to presume, in the absence of knowledge to the contrary, that the city had performed its duties, and that the street was free from obstructions.—*Mayor, etc., of Birmingham v. Tayloe, supra.*

(1) 10. The refusal of the trial court to set aside the verdict in this case because it was excessive cannot be permitted to work a reversal at the hands of this court. —*M. & O. R. R. Co. v. Brassell,* 188 Ala. 349, 66 South. 447; *Montgomery Light & Traction Co. v. Marian King, pro ami,* 187 Ala. 619, 65 South. 998; *National Surety Co. v. Mabry,* 139 Ala. 217, 35 South. 698; *Mosely v. Jamison,* 68 Miss. 336, 8 South. 745.

(12) 11. Counsel for the plaintiff made use of certain remarks to which defendant objected. Thereupon counsel for the plaintiff withdrew the remarks. Counsel for

the defendant then moved the court to instruct the jury that the remarks so withdrawn were "an improper argument." The court simply replied that the attorney had withdrawn the statement, and gave no instructions to the jury on the subject. The withdrawal by counsel of the remarks was a confession that they were inappropriate, and while the trial judge might—and, under the better practice should—have instructed the jury to disregard the remarks, we do not think that the judgment in this case should be reversed because of his failure to do so. While counsel are employed to represent their clients, they are officers of the courts in which they practice, and, theoretically at least, their office is to aid the courts in the true ascertainment of the justice and right, under the law, of the matter in litigation. Trial courts should therefore hold their arguments in proper bounds, for, after all, upon the shoulders of the trial judges had been placed the burden of the administration of the law.

12. This is a simple case, and, while the record shows that the defendant reserved for our consideration 216 points, the record also shows, from the course of the trial, that the trial was had upon a proper conception of the legal principles which were involved in the case. We content ourselves with saying that the record has received our careful consideration, and that what we have above said, and the authorities which we have above cited will at least indicate to the parties interested, why, in our opinion, the trial court committed no reversible error, and that therefore the judgment should be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.