## City of Birmingham v. Muller.

### Injury from Defective Street.

(Decided November 23, 1916. 73 South. 30.)

1. **Appeal and Error; Objection Below; Demurrer.**—Where the record does not show any demurrer interposed to counts of the complaint in the court below, this court cannot review the sufficiency of such count as upon demurrer.

2. **Municipal Corporation; Injuries to Pedestrians; Parties; Joinder.**—Under § 1274, Code 1907, the objection that plaintiff failed to join in the suit a person claimed to be jointly liable with the city is properly presented by motion from defendant at the conclusion of the case, and after proof connecting such third party with the cause of the action, that plaintiff be non suited for failure to join such party.

3. **Appeal and Error; Harmless Error; Pleading.**—Where it clearly appeared that defendant received under another plea the full benefit of the legal effect of the plea to which demurrer was sustained, the sustaining of the demurrer to the plea was harmless.

4. **Same; Instruction.**—Where plaintiff had made out a prima facie case, an instruction asserting that the burden rested on defendant to prove to the reasonable satisfaction of the jury the material averments of a plea of contributory negligence was not harmful.

5. **Municipal Corporation; Defective Street; Notice; Jury Question.**—Under the evidence in this case it was a question for the jury as to whether the municipality had constructive notice of a hole in a bridge dangerous to pedestrians, the evidence showing that the hole had been allowed to remain in the bridge for two days.

6. **Same.**—Under § 1273, Code 1907, notice to the street commissioners charged with the duty of looking after the city streets, is notice to the municipality, and a sufficient compliance with the statute.

7. **Charge of Court; Covered by Those Given.**—It is not error to refuse requested charges which are substantially covered by instructions given.

APPEAL from Birmingham City Court.

Heard before Hon. JOHN H. MILLER.

Suit by Mrs. Harry Muller against the City of Birmingham. From judgment for plaintiff, defendant appeals. Transferred

from Court of Appeals under Acts 1911, p. 449, § 6.   Affirmed.

Suit by appellee against appellant for recovery of damages, sustained by her, as the result of stepping into a hole in a bridge at the intersection of Cleveland and Tate avenues, which are public thoroughfares in the city of Birmingham; the said bridge having been constructed and being then maintained by the city of Birmingham.   The proof shows that the bridge was used by the public generally, by both pedestrians and vehicles of various kinds, there being no sidewalk at this particular place.   Some of the evidence tended to show that there was a good deal of traffic on the bridge, which was located some distance from the heart of the city.

Plaintiff received her injuries on the evening of June 11, 1913, about 8 o'clock.   She testified that she had no knowledge of the hole in the bridge, that no warning was given as to such danger. She also testified as to her injuries, but no question arises upon this phase of the case.   There was evidence tending to show that the office of the Birmingham street commissioner was notified of the defect in the bridge two days before plaintiff received her injuries, and there was evidence to show personal knowledge of the defect by the street commissioner's assistant, and that the commissioner himself was notified of it, all some time before the injury.   There was evidence, also, to the effect that said bridge had been maintained by the city at this crossing for a year or more.

Evidence for defendant tended to show that this hole was caused by the passage over the bridge of an automobile truck on the morning of June 10th, when the rear wheel of the truck ran over a piece of brick lying on the bridge.   Witnesses   for defendant, who claimed to have seen the truck pass and to have discovered the hole in the bridge immediately afterwards, testified that they notified the street commissioner's office, and that one of them placed some brush in the hole in the bridge.   These witnesses also insisted that they notified plaintiff of the defect in the bridge some time before she attempted to cross it, and that she afterwards stated she had forgotten about it.   The evidence further tended to show that the auto truck belonged to the Birmingham Coca-Cola Bottling Company, and was on its way back from Bessemer, loaded with cases of empty bottles, and that this same truck, with similar loads, had for some time been accustomed to cross this bridge.   The driver of the truck intro-

duced by defendant, testified that he crossed the bridge on the morning of June 10th, that he had been making two trips daily over that bridge with practically the same kind of load, that he was an experienced driver and was driving at his usual rate, and had no knowledge of having caused the hole in the bridge. There was no evidence showing negligence on the part of said driver.

Defendant pleaded the general issue, and contributory negligence, and also filed a plea to the effect that the Birmingham Coca-Cola Bottling Company was jointly liable with the city, and a necessary party defendant, but had not been sued. Demurrer to this plea was sustained. Demurrers to pleas of contributory negligence 3 and 4 also were sustained, but plea 5 was held sufficient. All counts of the complaint except 7 and 8 were withdrawn. The cause was therefore tried on these counts, and on the general issue and the plea of contributory negligence. Upon the conclusion of the case defendant moved that plaintiff be nonsuited for the failure to make the Birmingham Coca-Cola Bottling Company a party defendant. This motion was overruled. Due presentation to the city commissioners of the claim here sued on is not questioned. There was judgment for the plaintiff and defendant appeals.

ROMAINE BOYD, and M. M. ULLMAN, for appellant. SAMUEL B. STERN, for appellee.

GARDNER, J.—much of the argument of appellant's counsel is addressed to the sufficiency of counts 7 and 8 as against demurrers interposed thereto. These counts were added to the complaint by amendment. A careful examination of the record fails to disclose any demurrers interposed to said counts. We are therefore not in a position to review any such ruling, and are not called upon to pass upon the sufficiency of said counts; but we cite without comment a few of our cases bearing somewhat upon the question argued: *City of Anniston v. Ivey*, 151 Ala. 392, 44 South. 48; *Lord v. City of Mobile*, 113 Ala. 360, 21 South. 366; *Ensley v. Smith*, 165 Ala. 387, 51 South. 343; *City of Birmingham v. Poole*, 169 Ala. 177, 52 South. 937; *City of B'ham v. Crane*, 175 Ala. 90, 56 South. 723; *City of Montgomery v. Wyche*, 169 Ala. 189, 53 South. 786; *City of Huntsville v. Phillips*, 191 Ala. 524, 67 South. 664; *Ex parte Whaley*, 188 Ala. 381, 66 South. 145.

[City of Birmingham v. Muller.]

Defendant in plea 2, demurrer to which was sustained, alleged that the Birmingham Coca-Cola Company was jointly liable, but was not made a party to the suit, thereby attempting to invoke the protection of Code, § 1274. It is unnecessary to pass upon this ruling of the court, further than to state that at the conclusion of the case the defendant recognized the inappropriateness of the method employed for presenting this question, by moving that plaintiff be nonsuited for failure to make said company a party defendant. That such a motion is the proper way to present the question was decided by this court in *Ex parte Whaley, supra.*

(2) Defendant offered proof to show facts and circumstances connecting the Birmingham Coca-Cola Company with the injury to the bridge, and at the conclusion of the evidence offered the motion referred to. This properly presents the question. On careful examination of the record, however, we conclude that it fails to disclose any such evidence as would warrant a reasonable inference that said company was in anywise negligent.—Section 1274, supra, expressly provides that: "No person shall be sued jointly with the city or town who would not be liable separately, irrespective of this provision."

This section received comment in the case of *City of Birmingham v. Carle*, 191 Ala. 539, 68 South. 22, L. R. A. 1915F, 797. The evidence failed to disclose any liability on the part of said Coca-Cola Company. There was therefore no error in overruling the motion for a nonsuit.

(3) The contributory negligence relied upon by defendant in defense to plaintiff's suit was set out in plea 5, which plea was in substance the same as 3 and 4—mere knowledge or information on the part of plaintiff of the defect in the bridge, and her negligent failure to exercise due care to avoid stepping into the hole while crossing the bridge. While the sufficiency of pleas 3 and 4 as pleas of contributory negligence, under the rules of this court, may be doubted (*Evans v. Ala.-Ga. Syrup Co.*, 175 Ala. 85, 56 South. 529), yet it is unnecessary to enter into a consideration of the same, for the reason that the evidence offered on the trial, as well as the oral charge of the court, clearly disclosed that the defendant received under plea No. 5 the full benefit of the legal effect of pleas 3 and 4. Reversible error, therefore, is not here shown.

(4) That plaintiff had made out her prima facie case cannot be questioned. We therefore find nothing in the giving of the

one charge requested which would justify a reversal of the cause. The charge asserts no incorrect proposition of law, but merely that the burden rests upon the defendant to prove to the reasonable satisfaction of the jury the material averments of the plea of contributory negligence.—*City of Montgomery v. Wyche, supra.*

(5) It is insisted that count 7 rested for recovery upon the defendant's permitting the defect to remain in the bridge for the space of two days, whereas, as a matter of law, such length of time was not unreasonable under all the circumstances. The question of constructive notice is generally one for the jury.— *McKee v. City of New York*, 135 App. Div. 829, 120 N. Y. Supp. 149. We are persuaded, on examination of the evidence, that there is nothing here to take the case without the general rule. The cases relied upon by appellant (*City of Warsaw v. Dunlap*, 112 Ind. 576, 11 N. E. 623, 14 N. E. 568; *McKee v. City of New York, supra*) are not at all analogous to the case here presented. The affirmative charge was therefore properly refused as to count 7.

(6) The eighth count alleged that the defendant negligently permitted the hole to remain in the bridge for an unreasonable length of time, to wit, two days, after having received notice of said defect. The argument is made that the defect here in question was caused by a stranger, one in no manner connected with the defendant; that this count came within the provision of section 1273 of the Code, touching the liability of a city for failure to remedy defects in "streets, alleys, public ways, or buildings after the same had been called to the attention of the council," and that the notice alleged should have been given to the council (that is, to the governing body of the city), and that notice to an agent of the municipality would be insufficient, even though the duties of such agent pertained to such matters.

The question seems to have been given no specific treatment in the cases heretofore decided. Language similar to that above quoted is shown to have been used in the charter of the city of Montgomery, as disclosed by the case of *City of Montgomery v. Comer*, 155 Ala. 422, 46 South. 761, 21 L. R. A. (N. S.) 951. In the case of *City of Bessemer v. Whaley*, 187 Ala. 525, 65 South. 542, it was said that the duty to keep streets in repair is a corporate, rather than a public, duty, which is discharged by a governing agency of the state. The general rule, of course, is that

[City of Birmingham v. Muller.]

notice to the agent, as to matters within the line and scope of his authority, is notice to the principal.—*Birmingham Tr. & Sav. Co. v. Louisiana Bank,* 99 Ala. 379, 13 South. 112, 20 L. R. A. 600. In section 2810, 6 McQuillin on Municipal Corporations, is the following: "The rule is that the knowledge, or means of knowledge, of an officer of a municipality will be imputed to the municipality, where such officer is in charge of the streets, or is charged with the duty to make repairs or remedy defects, or it is his duty to report the matter to some officer with authority to act."

Many cases are cited in the note.

To accede to the argument of appellant's counsel, in construing the language, "after the same had been called to the attention of the council," etc., would lead to the result that it would have to be shown that the council, as a body or in its official capacity as such, had had its attention directed to the defect—indeed, would lead to absurd results. We construe the language as merely requiring that the attention of the municipality be directed thereto, and hold that in the instant case notice to the street commissioner, charged with the duty of looking after the city streets, was notice to the municipality and a sufficient compliance with the above-quoted Code provision. There was therefore no error in refusing the affirmative charge as to the eighth count of the complaint.

(7) On a careful examination of the charges on the refusal of which are based assignments of error 13, 14, and 15, we are of the opinion that the substance of said charges was embraced in charges 1, 2, and 3 given at defendant's request, and it is therefore unnecessary to pass upon their sufficiency or the action of the court in reference thereto.

We find no reversible error in the record, and the judgment of the court below will be affirmed.

Affirmed.

ANDERSON, C. J., and MCCLELLAN and SAYRE, JJ., concur.