(79 South. 261)

MILNER v. CITY OF BIRMINGHAM.
(6 Div. 727.)

(Supreme Court of Alabama. May 30, 1918.)

1. EVIDENCE ☞32—JUDICIAL NOTICE—CITY ORDINANCES.

While Code 1907, § 3989, does prescribe how city ordinances may be proved, yet by Acts 1915, p. 297, § 7, courts are authorized to take judicial knowledge of all ordinances, laws, and by-laws of cities of the class of Birmingham.

2. DISMISSAL AND NONSUIT ☞56—DEFECT OF PARTIES—JOINDER OF THIRD PARTIES.

Motion to nonsuit is proper remedy when municipal defendant desires to avail itself of provisions of Code 1907, § 1274, where plaintiff has failed to join another party who is liable with the municipality under the provisions of section 1273.

3. DISMISSAL AND NONSUIT ☞50—DEFECT OF PARTIES—WAIVER.

Under Code 1907, § 1274, providing that in action against city for negligence, when "it is made to appear" that any person ought to be joined as a defendant according to provisions in section 1273, city can make motion for nonsuit, city did not waive benefits of statute where it pleaded to complaint before making motion for nonsuit.

4. DISMISSAL AND NONSUIT ☞77—DEFECT OF PARTIES—CONDITIONS—AMENDMENT.

A judgment for nonsuit under Code 1907, § 1273, for failure of plaintiff to join another person as defendant in an action against a city for negligence should be conditioned on the plaintiff's failure to amend so as to join as a defendant such person.

Appeal from Circuit Court, Jefferson County; John C. Pugh, Judge.

Action by Mrs. Lilly B. Milner against the City of Birmingham. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

Murphree & Richardson, of Birmingham, for appellant. M. M. Ullman and W. A. Jenkins, both of Birmingham, for appellee.

THOMAS, J. The plaintiff on August 26, 1915, brought suit against the city of Bir-

mingham for damages for personal injuries. The breach of duty alleged was negligently allowing or permitting one of the sidewalks of the city to be and become in a dangerous and unsafe condition, which is specifically described. The summons and complaint was served on the defendant on August 30, 1915, and a demurrer thereto was filed on September 14th thereafter. It is shown that on June 19, 1916, the complaint was amended by the addition of count 2, and that on the same date the defendant filed demurrers to the complaint as so amended. It is further shown that on June 19, 1916, the complaint was again amended, by the addition of count 3. To this latter count no demurrer appears to have been filed.

The defendant, for answer to the complaint as amended, pleaded "not guilty" and contributory negligence as specified in pleas 2 and 3. The date of the filing of these pleas is omitted from the record, but this is immaterial, as we shall show.

Plaintiff demurred to pleas 2 and 3, but the judgment of the trial court on the demurrer is not disclosed by the record.

The record contains another amendment of the complaint, which we designate 3½, reciting that theretofore, to wit, on June 20, 1916, the court had made an order in said cause that plaintiff amend her complaint by joining as a party defendant the Moore-Handley Hardware Company, a corporation, or, failing to do so, suffer a nonsuit in said cause, and that plaintiff had duly excepted to this order and ruling of the court, and subsequently, on June 24, 1916, filed her motion in writing to set aside and vacate said order, and further reciting that on June 30, 1916, the court had overruled said motion, and that thereupon the plaintiff had duly and legally excepted to said order of the court overruling said motion, etc. The record is silent as to such motion on the part of the city, the ruling thereon, the motion to set aside and vacate said order, and the order overruling this motion, and as to the recited exceptions alleged to have been reserved, otherwise than is stated in this amendment.

On February 5, 1917, plaintiff filed an amended complaint (count 4) making parties defendant the city of Birmingham and the Moore-Handley Hardware Company, a corporation, alleging, among other things, that the said defendants, not mindful of their duty in the premises, had negligently allowed or permitted one of the said sidewalks on the said Jefferson avenue to be and become in an unsafe condition, in this, that defendants negligently allowed a certain hole or defect about one foot wide and one foot deep to be and remain in said sidewalk on said Jefferson avenue at a point near the intersection of said avenue with Burke street, within the city of Birmingham; that said defendant,

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

201 ALA.—44

Moore-Handley Hardware Company, had negligently and wrongfully caused said hole or defect to be in said sidewalk, in that it ran a steam roller or street packer into or upon said sidewalk at said point. And on said day above stated defendants refiled their respective demurrers to the complaint as so amended. It is to be noted that Moore-Handley Hardware Company was made a party by plaintiff's own action, and not by an order of the court requiring the amendment.

The bill of exceptions recites that on April 27, 1917, the city moved for a nonsuit against the plaintiff upon the ground that under sections 1273 and 1274 of the Code of Alabama, and an ordinance of the city of Birmingham numbered 200, the Alabama Great Southern Railroad Company, a corporation, ought to have been joined as a defendant in said suit, but that it was not so joined. This motion was submitted on an agreed statement of facts to the effect that plaintiff brought suit in this cause to recover of the city of Birmingham, a municipal corporation, damages for a personal injury received by her on, to wit, the 5th day of April, 1915, said personal injury having been suffered by reason of the fact that the plaintiff fell into a hole caused by a broken place in the sidewalk paving along the westerly side of Jefferson avenue about 30 or 45 feet southwardly from the railroad tracks of the Alabama Great Southern Railroad Company, in that portion of the city of Birmingham known as West End, and that at the time plaintiff's said injuries were received, and continuously since the 11th of November, 1914, the Alabama Great Southern Railroad Company, a corporation, organized and existing under the laws of the state of Alabama, was the owner of the property abutting upon the sidewalk paving where the plaintiff was injured, and that the said sidewalk was not under a maintenance guaranty.

On June 2, 1917, the motion was granted, but thereafter, on June 22d, plaintiff moved to set aside said order of nonsuit, because the motion was not in accordance with the provisions of sections 1273 and 1274 of the Code of Alabama, and deprived her of the right to "amend or be nonsuited" as provided by said sections of the Code, which motion was duly continued by the court until the 26th day of June, when it was granted, and the former order of nonsuit set aside. On June 30th the city's motion for a reconsideration was granted, unconditionally nonsuiting the plaintiff, to which action the plaintiff reserved an exception. Of this last judgment of unconditional nonsuit of plaintiff's cause of action for the failure to join the Alabama Great Southern Railroad Company as a party defendant the defendant says that, when a municipality is sued alone under section 1274 of the Code, the city must make it appear before demurrer or answer that some third person or corporation is liable, otherwise it waives the benefit of the statutory privilege; that the court has no power to order a nonsuit unconditionally under the statute; that section 3989 of the Code prescribes how city ordinances shall be proved, and that the court shall not take judicial knowledge of such ordinances.

[1] While section 3989 does prescribe how city ordinances may be proved, yet by the act of 1915 (page 297, § 7) courts are authorized to take judicial knowledge of all the ordinances, laws and by-laws of cities within the state of Alabama of the class of Birmingham.

[2] Motion to nonsuit is the proper remedy when a municipal defendant desires to avail itself of the provisions of section 1274 of the Code, in a case where the plaintiff has failed to join another party who is liable with the municipality under the provisions of section 1273 of the Code. The applicable provision of section 1274 is that to the effect that, if an action be brought against a city or town alone, and it is made to appear that any person or corporation ought to be joined as a defendant in the suit according to the provisions of section 1273, the plaintiff shall be nonsuited, unless he amends by making such party or corporation a defendant if a resident of the state, but no person shall be sued jointly with the city or town who would not be liable separately, irrespective of this provision. Provision is also made for a demand by the injured party before bringing suit, of the mayor of such municipality, for the name of such other person or persons or corporation as may be liable jointly with the municipality to such injured party, and if such mayor fail to furnish, within ten days from the making of such demand, the name of such person or persons or corporation so jointly liable, the said injured party shall not be required to join such other person as a party defendant with said municipality in any suit brought to recover damages for such injuries. Ex parte Whaley (In re City of Bessemer v. Whaley) 188 Ala. 381, 384, 66 South. 145.

[3] After a careful consideration of the statute and the construction placed thereon by this court, we are of the opinion that the defendant municipality did not waive the benefits of the statute, even though it did not make its motion for a nonsuit until after filing pleas to the amended count. The time when such motion may be made, as declared by the statute, is when "it is made to appear" that any person or corporation "ought to be joined as a defendant in the suit according to the provisions in the preceding section" (section 1273 of the Code). It is clear that the statute was intended to give the right and reasonable opportunity to a municipality to have brought in, as a party defendant with it, any person or corporation who

it is shown by the pleadings and the proof should be joined as a defendant in a suit, at any time in the proceeding before judgment, when the same is made known to the court.

In Benton v. City of Montgomery, 75 South. 473, 476,[1] the complaint, averring the facts, showed the necessity of the joinder, as a party defendant with the city, of the Montgomery Light & Traction Company, a corporation. After motion to strike certain counts of the complaint had been disposed of by the court, and before amendment of the complaint was made, the city moved for a nonsuit for nonjoinder of such corporation as a party defendant, so made to appear to be a necessary party defendant with the city. The court said:

"In City of Birmingham v. Carle, 191 Ala. 539, 68 South. 22, L. R. A. 1915F, 797, Bloom v. City of Cullman [197 Ala. 490] 73 South. 85, and City of Birmingham v. Muller [197 Ala. 554], 73 South. 30, this court considered and construed Code, §§ 1273, 1274. In accordance with the provisions of these statutes, as they have been interpreted here, the court did not err in requiring the joinder of the street railway company as a defendant. At that stage of the cause it sufficiently appeared that the city's liability (if such there was) was secondary and conditional, as these statutes provided that the liability asserted was, if it existed, within the class denominated 'b' in the opinion in City of Birmingham v. Carle and in the Bloom Case, supra.

"Code, § 1275, is as follows: *'Statements, Claims, or Demands for Injury Filed.*—No recovery shall be had against any city or town on a claim for personal injury received unless a sworn statement be filed with the clerk, by the party injured, or his personal representative in case of his death, stating substantially the manner in which the injury was received and the day and time, and the place where the accident occurred, and the damages claimed.' This statute creates as a condition precedent to a recovery from any city or town of damages for personal injuries received the filing of the statement described in the statute."

In City of Birmingham v. Muller, 197 Ala 554, 73 South. 30, 32, the defendant had pleaded the general issue and contributory negligence, and had filed a plea to the effect that the Birmingham Coca-Cola Bottling Company was jointly liable with the city, and a necessary party defendant, but had not been sued; and demurrer to this special plea was sustained. "Upon the conclusion of the case defendant moved that plaintiff be nonsuited for the failure to make the Birmingham Coca-Cola Bottling Company a party defendant. This motion was overruled." Of this ruling the court said:

"Defendant in plea 2, demurrer to which was sustained, alleged that the Birmingham Coca-Cola Company was jointly liable, but was not made a party to the suit, thereby attempting to invoke the protection of Code, § 1274. It is unnecessary to pass upon this ruling of the court, further than to state that at the conclusion of the case the defendant recognized the inappropriateness of the method employed for presenting this question, by moving that plaintiff be nonsuited for failure to make said company a party defendant. That such a motion is the proper way to present the question was decided by this court in Ex parte Whaley, supra."

[1] 200 Ala. 97.

The court further adverted to the fact that the defendant offered to prove the facts averred in the plea, and that such proffered proof under the plea presented the question of the right of the city upon conclusion of the cause to move for a nonsuit for failure to make the Birmingham Coca-Cola Company a party defendant with the city. The holding was that such proffered evidence "did not warrant a reasonable inference that said company was in any wise negligent," and that for this failure of proof there was no error in overruling the motion for a nonsuit.

In City of Birmingham v. Carle, 191 Ala. 539, 68 South. 22, L. R. A. 1915F, 797, the suit was against the city and another for damages. The statutory provisions in question were discussed and defined, and the court said:

"New Code 1907, § 1274, requires that, where the municipality is sued, the person or corporation within the second class (b) defined in section 1273 shall be joined as a defendant, unless on appropriate demand the name of the so culpable person or corporation (stranger to the municipal service or function) is not furnished by the mayor within ten days after the demand; and an additional requirement and method for the joinder of such person or corporation is provided, *where it develops* [italics supplied] that a person or corporation, within the second class (b) defined in section 1273, liable for the consequences of his or its culpable wrong, should have been originally joined as a defendant; and the plaintiff's failure to amend so as to bring in such person or corporation as a defendant requires the nonsuiting of the plaintiff."

There is no question of timely motion, for a nonsuit was not presented, for that the suit was brought originally against the city and such other person or corporation.

In Ex parte Whaley (In re City of Bessemer v. Whaley), supra, the city of Bessemer was sued for damages for personal injuries, and had judgment, which judgment on appeal was reversed, and the cause remanded, and plaintiff, Whaley, by certiorari reviewed the judgment of the Court of Appeals. The opinion recites that it is claimed that some of the counts of the complaint show that other persons besides the city of Bessemer participated in the creation of the nuisance which proximately caused plaintiff's injuries. If so, upon an appropriate motion under the statute, the plaintiff might, after having been given an opportunity to make such persons defendants, and failing to do so, have been nonsuited. It is pointed out that no motion for a nonsuit was made under the statute. The court said:

"If, for the protection of the city, the plaintiff should have made some other person a defendant, then the statute itself plainly indicates the methods—the only methods, because they are of statutory creation—which should have been adopted to bring in such other person as a party defendant. As this right of the city is one purely of statutory creation, the remedy provided by the statute for the enforcement of the right must be strictly followed, as it is exclusive. * * *

"It may be that, if the proceedings looking to a nonsuit had been taken, the plaintiff would have shown that she had complied with the last above quoted provision of the Code [section

1274], and that therefore there was not only no reason for a nonsuit, but no reason for a stay of the proceedings until the other persons could be made defendants."

As a sort of "moreover" clause, it was stated that the defendant did not see proper to apply for a nonsuit under the statute, but pleaded to the complaint, and in so doing waived any legal right secured to it by the statute in so far as a nonjoinder of parties defendant is concerned. We are of the opinion that this latter statement was not necessary to a decision of the Whaley Case, and was in this respect unsound.

If it is made to appear by the complaint that any person or corporation ought to be joined with the city in a suit according to sections 1273 and 1274 of the Code, or if such necessity is made to appear by a plea and proof sustaining the same, or made to appear on the trial by the evidence, together with the fact that such step has not been taken, then on motion of the city the plaintiff will be nonsuited.

[4] Of course, the judgment for the nonsuit should be conditioned on the plaintiff's failure to so amend the complaint as to join as a defendant such person or corporation. The judgment from which this appeal was prosecuted was unconditional, and as such cannot be sustained. Section 1274 does not authorize a nonsuit unless the plaintiff fails, under the contingencies named in the statute, to join such third person as defendant. This record shows that on June 2d and on June 30th the presiding judge granted the city's motion, unconditionally nonsuiting the plaintiff without allowing her to amend the complaint by adding the Alabama Great Southern Railroad Company as a party defendant, whereas it also shows such amendment of file on June 2, 1917. This action of the trial court was in violation of the express terms of the statute, finding construction in the several cases to which we have adverted.

The judgment is reversed, and the cause is remanded.

Reversed and remanded. All the Justices concur.