(88 South. 751)

## CITY OF MONTGOMERY v. MOON.
### (3 Div. 509.)

(Supreme Court of Alabama. April 21, 1921.)

1. Parties ⊜84(5)—Objection for nonjoinder of one as defendant should be by motion for nonsuit, and not demurrer.

In an action for personal injuries resulting from negligence, an objection that some person or corporation should have been joined with the city as a defendant under Code 1907, §§ 1273 and 1274, but had not been, should have been presented by a motion for nonsuit, and not by demurrer.

2. Municipal corporations ⊜814—Director General of Railroads should have been joined with the city as a defendant.

In a suit against a city for personal injuries sustained by plaintiff's minor child by falling into a railroad cut in close proximity to a street, held, that the Director General of Railroads should have been joined with the city as a defendant according to the provisions of Code 1907, §§ 1273 and 1274.

3. Parties ⊜92(3)—Demurrer for misjoinder improperly sustained, though complaint defective in showing parties' interest.

In an action for injuries to plaintiff's minor child from falling into a cut near a street, the Director General of Railroads was properly joined with the city as party defendant, and sustaining demurrer to counts against him for misjoinder was error, although they were defective in not showing that the transportation properties maintained and operated by him were those of the railroad near which the injury occurred.

4. Parties ⊜84(1)—It was not error to render judgment against one party alone in the absence of motion for nonsuit for nonjoinder of another.

In an action against a city and Director General of Railroads for personal injuries from falling into a railroad cut near a street

where the demurrer of the latter was sustained, it was not error to render judgment against the city alone in the absence of a motion by the city for nonsuit for nonjoinder of the Director General.

Appeal from Circuit Court, Montgomery County; W. L. Martin, Judge.

Action by O. B. Moon against the City of Montgomery and Walker D. Hines, as Director General of Railroads, for damages for injuries sustained by plaintiff's minor child. Judgment in favor of the Director General and for plaintiff against the City of Montgomery, and it appeals. Transferred from Court of Appeals under section 6, Acts 1911, p. 449. Affirmed.

The complaint alleges that the minor child of the plaintiff fell down a steep embankment into a deep cut crossing or adjoining and in dangerous proximity to a public street or sidewalk in the city of Montgomery, known as Highland avenue, which cut the Director General of Railroads maintained or used for a railroad track which ran along the bottom of said cut and thereby plaintiff's child was injured as follows: (Here follows catalogue of injuries.) , The allegation of negligence is, in the first count, that the defendants negligently failed to take reasonable caution necessary to prevent children or other people from falling down said steep embankment into said deep cut. The second count avers that the injuries were proximately caused by the defendant's neglect, carelessness, or failure to remedy a defect in said street or sidewalk after the same had been called to the attention of the board of city commissioners, etc., said defect consisting in this: Said cut was in said street or sidewalk or in dangerous proximity thereto at said point in an unguarded condition, and thereby said street or said sidewalk at said point was not reasonably safe for travel. The third count alleges practically the same matters as the second count.

Ludlow Elmore, of Montgomery, for appellant.

The court erred in rendering judgment against the city, since, if there was liability, it was secondary and conditional to that of its codefendant. Sections 1273, 1274, Code 1907; 191 Ala. 539, 68 South. 24, L. R. A. 1915F, 797; 6 Ala. App. 559, 60 South. 456; 197 Ala. 490, 73 South. 85; 197 Ala. 554, 73 South. 30; 200 Ala. 97, 75 South. 476. No personal defense was interposed. 1 Chitty, 428; 2 Words and Phrases, 1939. In any event, the city was not liable. 53 Ala. 527, 25 Am. Rep. 656; 6 McQuillin, Mun. Corp. §§ 2753, 2754; 4 Dil. Mun. Corp. §§ 1627, 1628, and 1711.

Hill, Hill, Whiting & Thomas, of Montgomery, for appellee.

While the railroad may be liable, the city is certainly liable. 28 Cyc. 1383, 1403, 1406;

169 Ala. 181, 54 South. 213, Ann. Cas. 1912C, 1093; 191 Ala. 411, 67 South. 601; 131 Ala. 584, 31 South. 561; 155 Ala. 422, 46 South. 761, 21 L. R. A. (N. S.) 951; 84 Ala. 467, 4 South. 690; 132 Ky. 657, 117 S. W. 250, 20 L. R. A. (N. S.) 538, 592, 678; 65 Me. 583, 20 Am. Rep. 733; 108 Ind. 530, 9 N. E. 155, 58 Am. Rep. 65; 4 Cush. (Mass.) 307; 4 Okl. 686, 46 Pac. 552; 32 W. Va. 55, 9 S. E. 51; 66 S. C. 528, 45 S. E. 88; 24 Wash. 191, 64 Pac. 143; 34 Utah, 65, 95 Pac. 646, 131 Am. St. Rep. 827; 195 Ill. 54, 62 N. E. 892; 71 U. S. (Wall.) 657, 18 L. Ed. 427.

THOMAS, J. Suit was, originally and as amended, against the city of Montgomery and Walker D. Hines, as Director General of Railroads, filed February 20 and September 23, 1920, respectively. Demurrers thereto were filed (by the city of Montgomery and by Walker D. Hines, as Director General) to the original complaint on March 23, 1920, and as amended September 23, 1920, and were sustained, to each count of the complaint, as to Walker D. Hines, as Director General, and were sustained to count 1 and overruled to counts 2 and 3 as to the city of Montgomery.

The judgment entry thereafter recites that:

"The plaintiff declines and refuses to amend his complaint as to the defendant Walker D. Hines, Director General of Railroads. It is therefore considered, ordered and adjudged by the court, and it is the judgment of the court, that judgment be, and the same is hereby, rendered in favor of the defendant Walker D. Hines, Director General of Railroads.

"And the defendant the city of Montgomery declining and refusing to plead further, and saying nothing in bar or preclusion of the plaintiff's demand against it, and on motion of the plaintiff, it is considered and ordered by the court that the plaintiff have and recover of the defendant the city of Montgomery his demand in the complaint mentioned, but, the amount of the same being uncertain and unknown, a writ of inquiry is awarded to ascertain the same. Thereupon came a jury of good and lawful men, to wit, E. A. Carter and 11 others, who, having been duly impaneled and sworn according to law upon their oaths, do say: 'We, the jury, assess the plaintiff's damages against the city of Montgomery at the sum of $159.'

"It is therefore considered, ordered, and adjudged by the court that the plaintiff have and recover of the city of Montgomery the said sum of $159, and the costs in this behalf expended for which let execution issue.

"And it is further ordered, and adjudged by the court that the defendant Walker D. Hines, Director General of Railroads, go hence and recover of the plaintiff its. costs in this behalf expended for all of which let execution issue."

[1] The first material inquiry was: Did it appear by the complaint that any person or corporation ought to be joined with the city in the suit according to statutory provisions? Code 1907, §§ 1273, 1274; Milner v. City

of Birmingham, 201 Ala. 689, 692, 79 South. 261. And, if so, what was the proper procedure by the city that the plaintiff be nonsuited for nonjoinder of such necessary party? Answering the inquiry in inverse order, it was stated in Ex parte Whaley, in re City of Bessemer v. Whaley, 188 Ala. 381, 66 South. 145, that under section 1274 of the Code an objection that some person or corporation should have been joined with the city as a defendant, but had not been, should have been presented by a motion for nonsuit, and not by demurrer. City of Birmingham v. Muller, 197 Ala. 554, 73 South. 30. This course was declared as that to be pursued by a municipality in Benton v. City of Montgomery, 200 Ala. 97, 75 South. 473. And in Milner v. City of Birmingham, 201 Ala. 689, 692, 79 South. 261, 264, the court declared:

"If it is made to appear by the complaint that any person or corporation ought to be joined with the city in a suit according to sections 1273 and 1274 of the Code, or if such necessity is made to appear by a plea and proof sustaining the same, or made to appear on the trial by the evidence, together with the fact that such step has not been taken, then on motion of the city the plaintiff will be nonsuited. * * * Section 1274 does not authorize a nonsuit unless the plaintiff fails, under the contingencies named in the statute, to join such third person as defendant."

Neither the judgment entry nor the record discloses that a motion was made by the city for a nonsuit, but that after the demurrer of Walker D. Hines, Director General of Railroads, had been sustained as to the several counts of the complaint, and the plaintiff had declined to amend as to such defendant, it was ordered and adjudged that Walker D. Hines, as Director General of Railroads, go hence and recover of the plaintiff its costs in that behalf expended; that the city, declining to plead further, said nothing in bar or preclusion of plaintiff's demand against it, and on motion of the plaintiff it was ordered and adjudged that the plaintiff have and recover of the defendant the city of Montgomery his demand in the complaint mentioned, but that, the amount of the same being uncertain and unknown, a writ of inquiry was awarded which was executed and ascertained by a verdict of the jury fixing plaintiff's damage as indicated. Thus the city of Montgomery has failed to avail itself of the protection provided in sections 1273 and 1274 of the Code. The same facts were disclosed in the bill of exceptions.

[2, 3] It remains only that we inspect counts 2 and 3 of the complaint as amended to ascertain whether or not joinder of the Director General of Railroads with the city was necessary in a suit for personal injury for which damages were sought and on which plaintiff rests his suit. The record discloses that in both counts it is averred that plaintiff's minor child fell into a deep cut "crossing or adjoining, and in dangerous proximity to a public street" or sidewalk in the city; that the cut was maintained or used as a right of way for a railway track which ran along the bottom of said cut or through said cut or excavation; and that such transportation facility was that of a steam railroad then being operated by the Director General of Railroads. Moon v. Walker D. Hines, Operating the Central of Georgia Railway Company's Properties, 87 South. 603.[1] There was error in sustaining demurrer to counts 2 and 3, as to Walker D. Hines, as Director General, on the ground of misjoinder of codefendant, though the counts were otherwise defective in not showing that the transportation properties being maintained and operated by the Director General at the point of plaintiff's injury were those of the Central of Georgia Railway. This official of the United States should have been joined with the city in a suit for damages for personal injury averred according to the provisions of sections 1273 and 1274 of the code.

[4] There was no error of the trial court in rendering judgment against the city of Montgomery alone, since the defense of nonjoinder of codefendant could not be availed of by the city, in the absence of a motion for a nonsuit for nonjoinder of the Director General. The bill of exception recites:

"The court having sustained demurrers of defendant Central of Georgia Railway to complaint as amended, and having overruled demurrers of defendant city of Montgomery to complaint as amended, the defendant city of Montgomery elected to stand upon its demurrers and declined to plead further. Whereupon the court rendered judgment in favor of the plaintiff and against defendant city of Montgomery with writ of inquiry."

It is unnecessary to discuss in detail the several grounds of demurrer assigned to counts 2 and 3. It is sufficient to say that the respective counts were not subject to such grounds.

The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.

---

[1] Ante, p. 355.