(94 South. 337)

### CITY OF MONTGOMERY v. MOON.
### (3 Div. 575.)

(Supreme Court of Alabama. Nov. 23, 1922.)

1. **Municipal corporations** ⚒⇒706(8)—**Instruction in action against two defendants using words "proximately contributing," instead of "proximately caused," in regard to an injury, held not error.**

In an action brought against a city and the Director General of Railroads for injuries, sustained by plaintiff in falling into a cut made by the railroad company across a street of the city due to an unguarded sidewalk, it was not error to charge that before plaintiff could recover the jury must find that defendant city was negligent in such sort as "proximately contributed" to the injury; the words "proximately contributed" being frequently used where two defendants are charged with negligence as to the same injury, instead of the words "proximately caused."

2. **Municipal corporations** ⚒⇒786—**Municipality liable for failure to protect excavations not in street, but in close proximity to sidewalk.**

In an action for personal injuries sustained by plaintiff in falling from an unguarded sidewalk into an excavation made by a railroad across a street, it was immaterial that the excavation was not within the street itself; it being the duty of the municipality to guard and protect excavations in such close proximity to streets and sidewalks as to endanger persons traveling on the street.

3. **Appeal and error** ⚒⇒761 — **Several assignments to refusal of charges, argued as one, will not be considered, where one charge properly refused.**

Where counsel for appellant argues in bulk, as if presenting but one, several assignments of error relating to refusal of charges asked by appellant, and one of such assignments is to the refusal of an affirmative charge, which was clearly proper, the other charges will not be considered.

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

Action for damages by Pauline Moon, by her next friend, against the City of Montgomery and James C. Davis, as Agent, etc. From a judgment for plaintiff, defendant City of Montgomery appeals. Affirmed.

Ludlow Elmore, of Montgomery, for appellant.

It was error for the trial court to give the affirmative charge for the Director General. Code 1907, §§ 1273, 1274; 205 Ala. 590, 88 South. 751.

Hill, Hill, Whiting & Thomas, of Montgomery, for appellee.

The city cannot complain of the failure to fasten liability on its codefendant. 206 Ala. 341, 89 South. 710; 191 Ala. 539, 68 South. 22, L. R. A. 1915F, 797; 207 Ala. 430, 93 South. 4. The jury was taken to the place of the accident, and was thus afforded an opportunity for information not presented to this court, and this court is not in position to review the propriety of the giving of the affirmative charge for the Director General. 207 Ala. 430, 93 South. 4; 185 Ala. 603, 64 South. 361; 203 Ala. 62, 82 South. 22. It was not essential that the negligence of the city be the sole proximate cause; it was sufficient that it was an efficient concurring cause. 159 Ala. 235, 48 South. 663; 161 Ala. 176, 49 South. 759; 144 Ala. 363, 39 South. 747, 3 L. R. A. (N. S.) 759, 113 Am. St. Rep. 50; 165 Ala. 418, 51 South. 827; 129 Ill. 152, 22 N. E. 14, 4 L. R. A. 721, 16 Am. St. Rep. 248; 84 Tex. 3, 19 S. W. 284, 31 Am. St. Rep. 17.

GARDNER, J. Pauline Moon, a girl 8 years of age, fell into the railroad cut which crosses a highway in the city of Montgomery known as Highland avenue, and brought this suit by her next friend against the city of Montgomery and the Director General of Railroads, who was at the time maintaining and operating the properties of the Central of Georgia Railway Company, to recover for the damages sustained as the consequence of such fall. This is a companion case to that of City of Montgomery v. Moon, 205 Ala. 590, 88 South. 751, and bears close analogy to the more recent case of City of Montgomery v. Ferguson, 207 Ala. 430, 93 South. 4.

There was a bridge over the cut at the point where the injury occurred, which bridge was maintained by the city, and the evidence for the plaintiff tended to show that at the time of the injury the railroad cut where the street and sidewalk abutted was unguarded, except by the fragments of an old fence erected some years before by the city of Montgomery, and that plaintiff fell into this cut from a portion of the sidewalk which was unguarded.

Only a few questions are here presented for consideration, and we treat them in the order of their presentation. The complaint substantially conforms to that held sufficient in the authorities above cited, and this question needs no further treatment.

The record discloses that the jury viewed the scene of the accident. At the conclusion of the evidence the court gave the general affirmative charge in favor of the Director

General of Railroads, and, as held by this court in City of Montgomery v. Ferguson, supra, we are not in position to review the propriety of this action of the court. Appellant [city of Montgomery] can take nothing, therefore, from the assignment of error presenting this question.

The defendant Director General was permitted to introduce an ordinance of the town of Highland Park, to the introduction of which the city of Montgomery interposed objection; the plaintiff offering none. This ordinance could only be relevant as affecting the defendant the Director General, and as the affirmative charge was given in favor of the Director General, which action is not here to be reviewed, it is quite clear that the admission of such ordinance in no manner affects the cause upon this appeal by the city.

[1] Upon the conclusion of the court's oral charge, counsel for the city of Montgomery requested that the court charge the jury as to causal connection between the defect complained of and the injury sustained, to which the court responded by stating to the jury that—

"Before the plaintiff may recover in this case, you must find that this defendant was negligent in such sort as proximately contributed to the injury of the plaintiff."

To this portion of the oral charge the defendant city of Montgomery excepted. Counsel in brief state that this exception was reserved for the reason that the court used the words "proximately contributed," rather than "proximately caused." There were during the progress of the cause two defendants charged with negligence as to the same injury, and the words "proximately contributed" are found in frequent use in this connection. 37 Cyc. 209; Marbury Lbr. Co. v. Jones, 206 Ala. 669, 91 South. 623. There was here no reversible error shown.

[2] Other exceptions to portions of the oral charge are based upon the assumption that, to fasten liability upon the city in a case of this character, it was important that the excavation should be within the street itself. Such is not the rule established by the authorities. "It is the duty of the municipality to guard and protect excavations made in the streets and sidewalks, or in such close proximity thereto as to endanger persons traveling on the street. 6 McQuillin, Municipal Corporations, § 2774. This rule was recognized by this court in City of Montgomery v. Moon, supra, in passing upon the sufficiency of the complaint.

[3] Counsel for appellant argue assignments of error 12 to 25 in bulk, and as if presenting one assignment of error. The questions presented by these assignments relate to the refusal of several charges asked by the city. In answer to this argument it is sufficient to say that one of these charges was the affirmative charge in favor of the city, and it is too clear for discussion that this was properly refused. It becomes unnecessary to consider the other charges, in view of the foregoing treatment of these assignments of errors by counsel for appellant. Alabama S. & W. Co. v. Griffin, 149 Ala. 423, 42 South. 1034; Beason v. W. O. W., ante, p. 276, 94 South. 123.

Finding no reversible error in the record, the judgment appealed from will be here affirmed.

Affirmed.

McCLELLAN, SOMERVILLE, and THOMAS, JJ., concur.